[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 312 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 313 
The inquiry as to guards in front of the car was not improper; at least, not for the reason assigned. The action being founded on the negligence of the defendants, it was competent to deduce it, either from the conduct of the driver, or the default of the defendants themselves in providing unsuitable vehicles, or from a combination of those causes. The complaint averred that the death was caused by the negligence and default of the defendants and their agents and servants. This authorized evidence of the defendants' neglect or misconduct tending to produce the injury, without a more particular statement in the pleading.
The dismissal of the complaint was properly denied. Evidence adduced by the plaintiff tended to show gross negligence on the part of the defendants. The circumstances under which the death occurred, as detailed by the witnesses, were not conclusive, in law, that the injury was occasioned by the fault of the child, or that such fault contributed to produce it. The question of the negligence of the parties was one, under the proof when the plaintiff rested, eminently for the consideration of the jury. Nor was the court justified in nonsuiting the plaintiff for the reason that there was no proof of any pecuniary or special damage sustained by the mother of the child in consequence of its death. Sufficient evidence had been given to warrant a verdict for the plaintiff, on the ground of injury to the next of kin, if only for nominal damages. Nominal damages, at least, were recoverable, unless the statute under which the action was brought be construed as inapplicable to a case like the present, where the injury caused the death of a child of tender years and yet in a dependent state. The defendants claimed no such construction of the law; nor do we think that it is susceptible of it.
But one exception was taken to the charge, and this is of the most general kind. It was to all that part which related to the amount of damages. There were several propositions stated, relating to this question, entirely unexceptionable. *Page 315 
Indeed, the jury were instructed in the words of the statute; and it is not claimed that more than a single observation of the judge was erroneous. Such an exception is not now available. The objections should be specifically taken; and where a number of propositions are stated, the correctness of some of which is not questioned, and the exception is general to all, it has often been held that such an exception presents no question for review on appeal. (Hart v. The Rensselaer and Saratoga RailroadCompany, 4 Seld., 37; Caldwell v. Murphy, 1 Kern., 416;Decker v. Matthews, 2 id., 313.) But were this otherwise, I am inclined to the opinion that there was no error in that part of the charge which related to the question of damages. The action was brought under a special statute, passed in 1847, and amended in April, 1849. (Laws of 1847, 575; id., 1849, 388.) This act provided that whenever the death of a person should be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or the corporation which would have been liable, if death had not ensued, should be liable to an action for damages, to be brought by and in the name of the personal representatives of such deceased person, notwithstanding the death of the person injured; the sum recovered to be for the exclusive benefit of the widow and next of kin of such deceased person, and to be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate. The act further authorized the jury, in any such action, to give such damages as they should deem fair and just, with reference to the pecuniary injury resulting from such death to the wife and next of kin of such deceased person. The amendment in 1849 limited the damages to a sum not exceeding $5000, and made every agent, engineer, conductor or other person in *Page 316 
the employ of such company or persons, through whose wrongful act, neglect or default the death of a person shall have been caused, liable to indictment, and, upon conviction, to be punished as for a felony. At common law, the right to maintain an action for personal injuries died with the person. A leading object of the statute was to authorize the maintenance of such actions in cases where death had ensued from the wrongful act, neglect or default. The personal representatives of any deceased person, who could himself, if living, have maintained an action for personal injuries, may bring and maintain a suit for the exclusive benefit of the widow and next of kin of the deceased. The statute does not, as has been supposed by some, only create a liability in those cases where the relations of the persons to be indemnified to the person killed were such that the former had a legal right to some pecuniary benefit which would result from a continuance of the life of the latter, and which was lost by the death. It is applicable to the case of any person, where death ensues, who could himself, if living, have maintained the action, and cannot justly be limited to the cases of a wife for the loss of a husband or children of parents. Nor, as it has been sometimes claimed, is it to be restricted to cases where there are both a widow and next of kin to be the distributees of the recovery. The words "widow and next of kin" are evidently used for the two-fold purpose of designating the persons entitled to a participation in the recovery, and those with reference to whose pecuniary loss by the death in question the damages are to be assessed. The terms "widow" and "wife" are used to designate a person who would not be included in the term "next of kin." Were this otherwise, in the case of a father leaving children but no wife, an action could not be maintained upon the statute; for a conjunctive reading of the words would require that there should be both a "widow" and "next of kin" at the time the action was brought. This was not the intention of the legislature. Such *Page 317 
intention manifestly was to impose on corporations and others more care in regard to human life; and, that they might not escape the consequences of their wrongful acts by the death of the person injured, to prevent the action dying with such injured person.
Had death not ensued in this case, and the action had been brought by the child, it would not be pretended that to have entitled her to recover it was necessary to prove an actual pecuniary loss. A verdict for such damages as the jury might award would be sustained by evidence of the injury and the defendants' negligence. The principle of liability, it has been seen, is made the same by the statute as though the injured party had survived and brought the action herself. It is not required, therefore, to sustain the action, that there should be proof of actual pecuniary loss. Any difficulty or confusion on the question of damages arises from a power conferred on the jury. In every action brought by the personal representatives of the deceased, it is provided that "the jury may give such damages as they shall deem a fair and just compensation, not exceeding five thousand dollars, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of the deceased person." (§ 2.) I neither suppose that the limitation of $5000, imposed by this clause, shows that the jury were to be the uncontrolled judges of the pecuniary injury to that extent, nor that to sustain the action, even for nominal damages, it is essential that there should be affirmative proof of actual pecuniary loss. The damages are to be assessed by the jury with reference to the pecuniary injuries sustained by the next of kin in consequence of such death. This is not the actual present loss which the death produces, and which could be proven, but prospective losses also. Should the action be brought to compensate a wife for the killing of her husband, would it be pretended that a recovery could only be had for the actual outlays occasioned by the death? or might the jury, *Page 318 
having before them the relationship and dependent condition of the parties, the ability of the husband to maintain the wife, and other facts of a like kind, estimate the pecuniary loss of the wife under such circumstances? I think the jury are not limited to the assessment of damages for the actual present loss that may be proved, but they may go further, and compensate for the relative injury with reference to the future. They may compensate for "pecuniary injuries," present and prospective. If this were not so, how would the widow and next of kin be indemnified in the case of a person killed leaving property sufficient to cover all the outlay consequent upon his death? A construction which should exclude damages for prospective losses, and confine them to such actual pecuniary loss as was proved, would render the law nugatory. It would be worthless to secure greater caution, and compel compensation for death occasioned by negligence. What I think the legislature intended was, that the jury who had all the circumstances of the casualty, and the precise condition and relationship of the parties before them, should give such a compensation as they should deem fair and just, keeping in view that it was to be measured by the injury done to the next of kin. They were not to compensate for the pain and suffering endured by the deceased, or the anguish and mental distress of a wife or children, incident to the loss of a husband or father, but were to measure the compensation by the pecuniary injury exclusively, the statute assuming that every person possesses some relative value to others.
The judge instructed the jury that, under the statute, the next of kin might recover for the pecuniary injury resulting from the death. He then remarked that, in case of a husband or a father, the statute contemplated that ample compensation should be made for the pecuniary loss sustained; but that this was not such a case. That it was the loss of a child; and the plaintiff, as the representative *Page 319 
of the next of kin, recovers whatever pecuniary loss the next of kin (the mother) may be supposed to incur in consequence of the loss of the child. In the words of the statute, they were to give what they should deem fair and just with reference to the pecuniary injury resulting from the death. The judge further instructed the jury that they could not give damages for the physical suffering of the child, or the anguish of mind inflicted upon the parent by such a calamity; that the measure of compensation was strictly pecuniary, to indemnify fully for any pecuniary loss that may have attended or resulted from the death of the child. All that was claimed on the argument to be erroneous was, that whilst the judge instructed the jury in the words of the statute, he observed that, in a case of this kind, the plaintiff might recover whatever pecuniary loss the mother may be supposed to have incurred in consequence of the child's death. But this was not error. It was only another way of instructing the jury that the damages were to be a sum which, in their opinion, taking into view all the circumstances of the case, would be the pecuniary loss of the next of kin. This was right, unless the statute expressly limits the recovery to the actual pecuniary loss proved on the trial. We think it does not.
It may be that, under the whole proof, the question of negligence of the parties was incorrectly determined by the jury, and their assessment of damages excessive. But these are matters not reviewable by this court on appeal.
The judgment should be affirmed.