WILLIAM A. HOUGHKIRK, ADMINISTRATOR, ETC., OF ELIZA HOUGHKIRK, DECEASED, RESPONDENT, v. THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, APPELLANT.

*Negligence — damages occasioned by the death of a child — when the court will not set a verdict aside as excessive.*

This action was brought to recover damages occasioned by the death of the plaintiff's intestate, which was alleged to have been caused by the defendant's negligence. The deceased was a bright, healthy girl about six years old. She was the only child of a gardener and his wife, both of whom survived her. The jury rendered a verdict of $5,000,
*Held,* that the court would not set it aside as excessive.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon a case and exceptions. The action was brought to recover damages for the death of the plaintiff's intestate, which was alleged to have been caused by the defendant's negligence.

*Henry Smith,* for the appellant.

*E. Countryman,* for the respondent.

BY THE COURT:

The only question argued before us (although other questions are on the points), is that the damages are excessive.

In *Ihl* v. *Forty Second Street Railroad Company* (47 N. Y., 317), a recovery of $1,800 was had by the administrator of a child about three years old. The court say:

*First.* That the absence of proof of special pecuniary damage would not justify a nonsuit or a direction to find nominal damages. From that proposition it follows that damages may be recovered without proof of special pecuniary damages.

*Second.* That, except in very rare instances, it would be impossible to furnish direct evidence of any specific loss occasioned by the death of a child of such tender years.

*Third.* It cannot be said, as a matter of law, that there is no

pecuniary damages, or that the expense of maintenance, etc., would exceed the pecuniary advantages to be derived from services.

*Fourth.* That these calculations are for the jury, and that any evidence on the subject beyond the age and sex of the child, the circumstances and condition of the parents, or other facts existing at the time of the death or trial, would be speculative and hypothetical and would not aid a jury in coming at a conclusion.

This seems to be a distinct declaration, that this question of damages is for the jury and is to be decided on the evidence lastly mentioned above; and that there can rarely be any evidence of any specific loss. If this be so, we do not see how we can exercise any judgment on the question of excessive damages. By what are we to measure them? There can be no proof of specific loss. Proof that the expenses of maintenance would probably exceed the value of the services, belongs to that class of evidence which the court declares to be speculative and hypothetical and not proper. If the damages are to be measured only by the age and sex of the child, the circumstances and condition of the parents, and other facts existing at the time of death, we do not see how it is possible to say that they are excessive.

The court in that case says, that the damages could be reviewed in this court. But the difficulty is, by what test are we to review them? If it is a matter of guess work, the jury can guess as well as we. If we are to review them by the test of the evidence, then the difficulty is, that there is no direct evidence proving the amount of loss. The facts to which the consideration of the jury is limited by the case cited, would be, in the present case, substantially and in brief; a girl of six years, healthy and bright, only child of a gardener and his wife, both of whom survived her. Given her death; what is their pecuniary loss? The jury say $5,000. How, on these facts only, can we say that the amount is excessive? She might have died the next year. Then it would have been large. She might have lived till sixty, supporting her parents by her industry. Then it would have been small. Therefore we suppose the court, in the case cited, spoke of evidence other than that of existing facts as speculative.

The views of the case cited seem to be supported by the cases of *Oldfield* v. *New York and Harlem Railroad Company* (14 N. Y.,

310); *O'Mara* v. *Hudson River Railroad Company* (38 id., 445); *McGovern* v. *New York Central and Hudson River Railroad Company* (67 id., 417), and others. These are later authorities than some which have a different aspect.

Very little benefit is found in the comparison of cases, for the reasons mentioned in *Gale* v. *New York Central and Hudson River Railroad* (13 Hun, 1).

If these damages were based on proof of what such a child could earn during her minority, or even afterwards, and what was the cost of her maintenance, we could see whether the jury had been governed by the evidence. But it was said in the O'Mara case that the jury acting on their own knowledge, and without proof, can estimate the pecuniary loss. If that be so, then the knowledge of this jury may have satisfied them that the damages were the amount named in their verdict.

We have examined the exceptions and find no reason to reverse the judgment.

The judgment and order should be affirmed, with costs.

Present — LEARNED, P. J., and BOCKES, J.; WESTBROOK, J., not acting.

Judgment and order affirmed, with costs.