HENRY M. BIRKETT, as Administrator, etc., Respondent, *v.* THE KNICKERBOCKER ICE COMPANY, Appellant.

It is not negligence, as matter of law, for the parents· of a bright child, four and a half years old, living in a crowded locality in a city, with no other place for amusement, to permit the child, with proper instructions and directions against going into the street, to play upon the sidewalk without an attendant.

As to whether it was negligent under the particular circumstances is a question of fact for the jury.

In an action under the Code of Civil Procedure (§§ 1902, 1904), to recover the " pecuniary injuries " resulting from the death of a young child, caused by the wrongful act or negligence of defendant, the recovery is not limited to nominal damages merely.   The amount of damages upon such proof as can be made is for the determination of the jury, subject to be reviewed and modified, if the discretion is abused in the court of original jurisdiction, but not in this court.

*It seems* that, in estimating the pecuniary value of such a child to its next of kin, the jury are not bound to confine their considerations to the minority of the child, and they may take into consideration all the probable, or even possible, benefits which might result to them from its life, modified, as in their estimation it should be by all the chances of failure or misfortune

In such an action it appeared that the child ran into the street and was run over by defendant's wagon.   This was heavily loaded and was being driven upon a descending grade, and there was apparently nothing to distract the attention of the driver    *Held,* that the question of his negligence was properly submitted to the jury; that it was his duty to be vigilant in looking for pedestrians in the street, and particularly at the crossings, so as not to injure them.

(Argued June 29, 1888;  decided October 2, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 23, 1886, which affirmed a judgment in favor of plaintiff, entered on the verdict of a jury.   (Reported below, 41 Hun, 404.)

The facts are sufficiently stated in the opinion.

*Albert Stickney* for appellant.   It was error not to direct a verdict for the defendant, on the ground of contributory negligence on the part of the parents.   (*Davenport* v. *B. C.*

*R. R. Co.*, 100 N. Y. 632; *Young* v. *N. Y., L. E., etc., R. R. Co.*, 107 id. 500; *Woodward* v. *N. Y., L. E., etc., R. R. Co.*, 106 id. 369; *Wendell* v. *N. Y. C., etc., R. R. Co.*, 91 id. 420; *Tolman* v. *Syracuse, etc., R. R. Co.*, 98 id. 198; *Connelly* v. *R. R. Co.*, 88 id. 346; *Becht* v. *Corbin*, 92 id. 658; *Reynolds* v. *R. R. Co.*, 58 id. 248.) It is necessary that plaintiff should give the proofs affirmatively that there has been some money loss; and that a money loss to some amount is a certainty, before the jury can be allowed to make any estimate whatever. (*Staal* v. *G. S. & N. R. R. Co.*, 107 N. Y. 625; *Leeds* v. *Met. G. L. Co.*, 90 id. 26.) The damages in this case can be only nominal as matter of law. (*Lehman* v. *City of Brooklyn*, 29 Barb. 234; *Hall* v. *Hollander*, 4 B. & C. 660.) It was error to allow any recovery for loss of services beyond the child's minority. (*Traver* v. *Eighth Ave. R. R. Co.*, 4 Abb. Ct. App. Dec. 422.)

*James Troy* for respondent. Unless the acts or omissions which are claimed to constitute contributory negligence are undisputed and establish such negligence as matter of law, the question is for the jury, however strong the proof may be upon the subject. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *O'Mara* v. *H. R. R. R. Co.*, 38 id. 445.) The defendant's negligence was established. (*McGarry* v. *Loomis* 63 N. Y. 104; *Murphy* v. *Orr*, 96 id. 14; *Minick* v. *City of Troy*, 83 id. 514; *Barker* v. *Savage*, 45 id. 191; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 id. 310.) There was no evidence of contributory negligence on the part of the child or its parents. (*McGarry* v. *Loomis*, 63 N. Y. 104; *Mangam* v. *Brooklyn R. R. Co.*, 38 id. 455; *Ihl* v. *Forty-second St. R. R. Co.*, 47 id. 317; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 id. 310; *Fallon* v. *Central Park, etc. R. R. Co.*, 64 id. 13; *Barry* v. *N. Y. C. R. R. Co.*, 92 id. 289; *Thurber* v. *Harlem Bridge, etc.*, 60 id. 326; *O'Mara* v. *H. R. R. R. Co.*, 38 id. 445.) If the parents were negligent, but the child was not, such negligence, on the part

of the parents, would not absolve the defendant from liability. (*Ihl* v. *Forty-second St. R. R. Co.,* 47 N. Y. 317; *McGarry* v. *Loomis,* 63 id. 107.) If the child was negligent and *non sui juris,* and the parents free from blame, the defendant, who was a wrong-doer, would not be absolved from liability by such negligence, and the question whether the child was or was *non sui juris* was a question of fact. (*Mangam* v. *Brooklyn R. R. Co.,* 38 N. Y. 455; *Ihl* v. *Forty-second Street R. R. Co.,* 47 id. 317; *McGuire* v. *Spence,* 91 id. 303; *Mullaney* v. *Spence,* 15 Abb. [N. S.] 319; *Prendergast* v. *N. Y. C. R. R. etc., Co.,* 58 N. Y. 652; *Casey* v. *N. Y. C. & H. R. R. R. Co.,* 6 Abb. N. C. 104; *Railroad Co.* v. *Gladman,* 15 Wall. [U. S.] 401; *Cosgrove* v. *Ogden,* 49 N. Y. 255.) Whoever drives horses along the streets of a city is bound to anticipate that travelers on foot may be at the crossings, and must take reasonable care not to injure them. He is negligent whenever he fails to look out for them, or when he sees and does not, so far as in his power, avoid them. (*Murphy* v. *Orr,* 96 N. Y. 14; *Barker* v. *Savage,* 45 id. 194.)

Earl, J. The plaintiff claims that the intestate came to her death from the carelessness of the defendant, and he has brought this action to recover " compensation for the pecuniary injuries" resulting from the death to her next of kin. The intestate was plaintiff's daughter, and at the time of her death was four and one-half years old. The horses attached to one of defendant's ice wagons were driven against her at a street crossing where Franklin and Java streets, in the city of Brooklyn, intersect, and she was thus fatally injured. If the intestate had been an adult, we think the evidence would have justified the claim of the defendant that her own negligence contributed to the injury. But she was *non sui juris,* and personal negligence could not be imputed to her. It is, however, contended that she was so young that her parents were guilty of negligence in permitting her to go into the streets unattended. The intestate resided with her parents in a thickly populated neighborhood, and there was no enclosed

space around the house for children to play, and plaintiff's children were permitted to play upon the sidewalk near his house. On the 20th day of August, 1884, about four o'clock p. m., the intestate left the house with her brother, about six years old, to play upon the sidewalk with other children. She had permission only to play upon the sidewalk and was never allowed to cross the street. She was a healthy, sharp, bright, intelligent child. She had been out but a short time when her brother left her, and while she was attempting to cross the street she received the fatal injuries. It was not unlawful for the child to be in the street, nor even for her to play upon the sidewalk. It cannot be said that it was, as matter of law, under the circumstances proved, negligence for the parents to permit her to go on to the sidewalk to play; and whether it was or not was a question for the determination of the jury. (*Oldfield* v. *N. Y. & Harlem R. R. Co.*, 14 N. Y. 310; *Ihl* v. *Forty-second St., etc., R. R. Co.*, 47 id. 317; *McGarry* v. *Loomis*, 63 id. 104.) Hundreds of young children are permitted, with general safety, and must be permitted in cities to amuse themselves upon the sidewalks, and they cannot always be attended by persons of discretion. The highest prudence would doubtless require that they should be so guarded; but it cannot be said, as matter of law, that ordinary prudence forbids that a bright child four and one half years old, properly instructed and cautioned, should go unattended onto a sidewalk for diversion.

We are also of opinion that there was no error in submitting the question of the negligence of the defendant's driver to the jury. His wagon was heavily loaded and he was driving upon a descending grade. There was, apparently, nothing to distract his attention, and it was his duty to be vigilant to see pedestrians in the street, and particularly at street crossings, so as not to injure them. While we do not think this branch of the plaintiff's case is free from doubt, we are unable to say that the jury could not properly find that, if the driver had been sufficiently vigilant and careful, he would have seen the child in time to avoid injuring her. (*Murphy* v. *Orr*, 96 N. Y. 14; *Moebus* v. *Herrmann*, 108 id. 349.)

The trial judge did not err in refusing to rule, upon the request of defendant's counsel, that the plaintiff was entitled to nominal damages only, The rule of damages in such cases is a difficult one to apply. The "pecuniary injuries," for which recovery only can be had, are always difficult of precise proof, uncertain and problematical, and what should be a proper compensation for them must always, upon such proof as can be made, be left to the judgment of the jury. That judgment is not an uncontrollable one, but is subject, if abused or not properly exercised, to be reviewed and modified in the court of original jurisdiction. Here there was proof of the circumstances of the plaintiff and his family, and the condition, character and sex of the child; and the authorities in this state would not justify a ruling that nominal damages only could be recovered. (*Ihl* v. *Forty-second St., etc., R. R. Co., supra; Houghkirk* v. *Prest., etc., D. & H. Canal Co.,* 92 N. Y. 219.)

The jury were not bound, in estimating the compensation to be made for the death of the child, to confine their considerations to her minority. It is true that the plaintiff, as father, could command her services only during her minority. But in certain contingencies she might, after her majority, owe him the duty of support, which could, by legal proceedings, be enforced; and after that event she might, in many ways, be of great pecuniary benefit to him. In estimating the pecuniary value of this child to her next of kin, the jury could take into consideration all the probable, or even possible, benefits which might result to them from her life, modified, as in their estimation they should be, by all the chances of failure and misfortune. There is no rule but their own good sense for their guidance, and they were not in this case bound to assume that no pecuniary benefits would come to the next of kin from this child after her majority.

Therefore, finding no error in this record, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.