JOHAN G. JOHNSON, as Administrator, etc., of FRITZ G. JOHNSON, Deceased, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

*Damages for a negligent killing — verdict, not disturbed by the court — when not excessive — charge as to measure of damages.*

On an appeal from a judgment entered in an action brought to recover damages resulting from the death of the plaintiff's intestate, the General Term has power to review the determination of a jury as to the amount of damages awarded by it, but it is only in rare instances that the verdict of a jury in such cases will be interfered with.

Five thousand dollars is not an excessive sum for a jury to award as damages for taking the life of a healthy man, unmarried and of the age of thirty-three years, who was engaged in making pianos for his father, with whom he resided, although he was paid no fixed wages, but such amounts as his father deemed proper.

Upon the trial of an action brought to recover damages for the death of the plaintiff's intestate, caused by the alleged negligence of the defendant, it is proper for the court to charge the jury, on the question of damages, that it may look ahead and consider what the deceased would have brought to his next of kin while he was living and what was their prospect of inheriting from him after his death.

APPEAL by the defendant, The Long Island Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the

20th day of January, 1894, upon the verdict of a jury rendered after a trial at the Queens County Circuit, and also from an order made at the Queens County Circuit on the 17th day of January, 1894, and entered in said clerk's office denying the defendant's motion for a new trial.

*W. C. Beecher,* for the appellant.

*J. Edward Swanstrom,* for the respondent.

CULLEN, J.:

This is an appeal from a judgment entered upon the verdict of the jury at Circuit and from an order denying defendant's motion for a new trial. The action is for damages in causing the death of plaintiff's intestate, a passenger on defendant's railroad. No question is made that the issue of defendant's liability was not properly for the jury, but we are asked to reverse the judgment on the ground that the damages are excessive and for alleged errors of the court in its charge to the jury on this subject.

There can be no doubt as to the power of this court to review the determination of the jury as to the amount of damages. Reference to the amount of recovery in other cases is, therefore, made, not as establishing a rule of law controlling our action, but as evidencing the common judgment or opinion of courts on this subject. The deceased was a single man thirty-three years old and worked in making pianos for the plaintiff, his father, with whom he resided. He was paid no fixed wages, but such amounts as the father deemed proper. The amount of the recovery was $5,000. It is only in rare instances that the courts should interfere with the verdict of a jury in this class of cases. We cannot say that $5,000 is an excessive sum for the life of a healthy man of the age of deceased, considering the relations existing between the father and son. It certainly does not contrast unfavorably with other recoveries. In *Tilley* v. *Hudson R. R. Co.* (29 N. Y. 252), for the death of a married woman leaving a husband and children, managing the household, but the source of no earnings or revenue, the recovery was $5,000. In *Ihl* v. *Forty-second Street R. R. Co.* (47 N. Y. 317), for the death of a child three years old, the recovery was $1,800. In *Houghkirk* v. *Delaware & Hudson Canal Co.* (92

N. Y. 219), for a child aged six, the recovery was $5,000. In *Bier-bauer* v. *New York Central R. R. Co.* (15 Hun, 559) a recovery of $5,000 by a father for the death of a son aged twenty-one years, and earning twenty-five dollars a month, was upheld by a majority of the court.

The court on the trial charged the jury that it might look ahead and consider what the deceased would have brought to his next of kin while living, and what was their prospect of inheriting from him when dead. To the latter part of this charge exception was taken. The charge in this respect is justified by authority. In *Ihl* v. *Forty-second Street R. R. Co.* (*supra*) it is said by Judge RAPALLO: "It was within the province of the jury * * * to form an estimate of the damages with reference to pecuniary injury, present or prospective, resulting to the next of kin. * * * The statute does not limit the recovery to the actual pecuniary loss proved on the trial."

In *McIntyre* v. *N. Y. C. R. R. Co.* (37 N. Y. 290) it was held: "The statute has set no bounds to the sources of these pecuniary injuries." In *Birkett* v. *Knickerbocker Ice Company* (110 N. Y. 504) Judge EARL writes: "In estimating the pecuniary value of this child to her next of kin, the jury could take into consideration all the probable or even possible benefits which might result to them from her life, modified, as in their estimate they should be, by all the chances of failure and misfortune."

The prospect of the deceased accumulating property and the next of kin inheriting from him is not more speculative than the expectation of his acquiring money and the next of kin sharing in his bounty or beneficence while he should live.

The two exceptions to the admission of evidence are not well taken. The questions put to the witness at folios 141 and 146 were legitimate cross-examinations and tended to contradict his testimony as to the probable cause of the accident which caused the death of the intestate.

The judgment and order denying new trial should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order affirmed, with costs.