(18 App. Div. 177.)

MULLER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1897.)

1. STREET RAILROADS—INJURY TO CHILD ON TRACK.
   A child about six years of age sued for damages from injuries caused by being run over by a trolley car. The evidence showed that the car was from 50 to 100 feet away when plaintiff left the sidewalk, but there was a conflict of testimony as to whether a wagon upon the track intercepted the motorman's view of the child. The car was going at such rate of speed that it was stopped in a little more than its own length. *Held*, that there was evidence to sustain the verdict.

2. SAME—DEGREE OF CARE OF CHILD.
   If the child was sui juris, the law exacts from him such a degree of care as might be reasonably expected of one of his age, and, if non sui juris, then the question is to be determined whether the parents of the child were negligent in permitting him to go on the street unattended, and the jury are to determine to which class the child belonged.

Appeal from trial term.

Action by Gustav Muller, an infant, by George Muller, his guardian ad litem, against the Brooklyn Heights Railroad Company, for damages. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles A. Collin, for appellant.
Samuel D. Morris, for respondent.

GOODRICH, P. J. The defendant operates a trolley railroad on Myrtle avenue, which runs east and west. Evergreen avenue and Suydam street, intersecting each other, cross Myrtle avenue in diagonal directions. There is a cross walk over Myrtle avenue to th eastward of Suydam street. On July 14, 1896, the plaintiff, a boy between five and six years of age, started from the north side of Myrtle avenue, at a point 25 or 30 feet eastward of the cross walk, intending to cross the street. The car of defendant was going east on the south track, and the plaintiff was either struck by the fender or by the running board at the side of the car, fell under the car, and was so badly injured that his leg was amputated. The child lived on Suydam street, near the place of accident, and had been frequently warned by his parents about the cars on Myrtle avenue. The plaintiff alleges that the defendant "so negligently and care-

lessly managed and operated said car that solely in consequence of the said carelessness and negligence, and without any fault or neglect on the part of the plaintiff, the said plaintiff was struck by said car with great force and violence, and was thrown down and run over by said car." The defendant denied this allegation, and alleged that the injury was caused by the negligence of the infant or of his parents and guardian. At the close of the plaintiff's evidence, and again at the close of the entire evidence, the defendant moved for a dismissal of the complaint, on the ground, among others, "that the plaintiff has failed to establish his own freedom from negligence, or the freedom from negligence of his parents, causing or contributing to the accident; that the plaintiff has failed to show negligence on the part of the defendant and its servants or co-employés causing the accident." The motion was denied under the defendant's exception. A motion was also made and denied upon the judge's minutes, and upon the ground that the verdict was against the weight of evidence, and contrary to law, and that the damages were excessive. The plaintiff contends that the evidence clearly shows negligence of the defendant, on the ground that the car was coming at an unusual rate of speed; that the street was clear of vehicles; that the motorman could have seen the child at a distance of over 100 feet, and failed to see him in time to stop the car; and that the child was on the southerly track, in front of the car, when struck by the fender. On the other hand, the defendant insists that the car was running at the ordinary speed; that a wagon bound west on the northerly track was passing, from behind which the boy suddenly ran towards the car, and was struck by the side of the fender or of the car. These questions were submitted to the jury, and, if there was evidence to sustain them, the verdict should not be disturbed.

A very careful and elaborate examination of the testimony brings me to the conclusion that there is sufficient evidence to sustain the verdict. There is testimony tending to show that the car was from 50 to 100 feet away when the child left the sidewalk, and that the motorman could have seen him, not only when he left the sidewalk, but all the time during which he was approaching the car. It is true that there is testimony that there was a wagon upon the track which intercepted his view of the child, but this is contradicted, and thus a question of fact was tendered to the judgment of the jury, whether or not there was anything to prevent the motorman from seeing the child in abundant time to avoid running over him. The evidence as to the unusual speed of the car is not very satisfactory, but it may fairly be inferred that the car was not going at a very high rate of speed, as it was stopped in a little more than its own length. This question was fairly submitted to the jury without request or exception by the defendant.

The learned counsel for the defendant made an elaborate argument in regard to the negligence of the child as sui juris, or as non sui juris, but we cannot lose sight of the decision of the court of appeals in the case of Birkett v. Ice Co., 110 N. Y. 504, 18 N. E. 108, where the court held that it was not negligence, as a matter of

law, for the parents of an intelligent child, $4\frac{1}{2}$ years of age, living
in a crowded locality, to permit the child, with proper instructions,
to play upon the sidewalk, and that the question of negligence in
such cases was for the determination of the jury. The court care-
fully explained to the jury the distinction between the two, and left
to their decision the question to which class the boy belonged, char-
ging that, if the child was sui juris, the law exacts from him such
a degree of care and caution as might be reasonably expected of
one of his age, and, if non sui juris, then the question to be deter-
mined was whether the parents of the child were negligent in per-
mitting him to go on the street unattended, and, if they were thus
negligent, the verdict must be for the defendant. This submission
was entirely proper, and in exact accordance with well-recognized
authority.

The judgment is affirmed. All concur.