DEHMANN v. BECK.

(Supreme Court, Appellate Division, Second Department. May 1, 1901.)

1. NEGLIGENCE—CHILD PLAYING IN STREET—INJURIES—TEAMSTER—LIABILITY.
   A child 4½ years of age was playing on the sidewalk, while in care of his aunt, who was sitting on the porch. The child mounted a tricycle belonging to a playmate, and started up the pavement, keeping about 18 inches from the curb, when it was run over and killed by a truck going in the same direction. The child was dressed in white, and there were no other wagons near at the time; and the driver testified that he was driving in a trot, but did not see the child. *Held*, that the question of the driver's negligence was properly submitted to the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   The fact that a child 4½ years of age was allowed to play on the sidewalk, and temporarily went into the street, where it was killed by a passing truck, did not constitute negligence per se on the part of the parents; and hence the question of their contributory negligence was properly submitted to the jury.

3. SAME—PARENTS' NEGLIGENCE.
   The negligence of a child's parents in permitting it to play on the sidewalk, from which it temporarily went into the street, and was killed by a passing truck, is not imputable to the child.

4. SAME—TRUCK—IDENTIFICATION—EVIDENCE—SUFFICIENCY.
   At 5:30 p. m. plaintiff's child was killed on M. avenue, between L. and U. avenues, by a passing truck which had on it the words "Honest Long Cut," and was going in the direction of U. avenue. Defendant's driver and a companion admitted driving a truck of that description, belonging to defendant, on M. avenue, in the direction of U. avenue, between 5 and 6 o'clock, and defendant admitted that he did a trucking business with that kind of wagons. *Held*, that the evidence was sufficient to support a finding that the child was killed by a truck belonging to defendant.

Appeal from trial term, Kings county.

Action by George Dehmann, as administrator of the goods, chattels, and credits of George Dehmann, deceased, against Reuben Beck. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

L. Sydney Carrere and George O. Redington, for appellant.
Samueal S. Whitehouse, for respondent.

JENKS, J. The plaintiff entered a judgment for $2,125 damages for the death of his child upon a verdict at trial term in his action against the defendant, based upon negligence. The defendant appeals. The child, aged 4½ years, lived with his parents in a tenement in a built-up block on Montrose avenue,—a broad, asphalted street in this borough. The accident occurred on that avenue about half past 5 o'clock in the afternoon of a clear day in July. The child's mother, while cooking supper, suffered her child to go out onto the sidewalk with her sister-in-law. The child had been out of doors about 10 minutes before the accident occurred. The sister-in-law was on the sidewalk, with a little girl and an infant. The child was on the sidewalk playing with sand, and when last seen by his aunt was sitting on the curbstone,—about a minute before the accident. The child mounted a tricycle, and was on the asphalt pavement about a foot away from the curb. He was a large boy for his age, had "something white on," and was accustomed to use the tricycle. He was going in the same direction as the team and the truck. He turned to laugh at one of the witnesses, and he had but time "to go a few steps" thereafter when the team and truck overtook him, and the front wheel struck him, threw him off the tricycle, under the wheels, and the rear wheel ran over him and killed him. The driver testifies that he was driving a two-horse covered van, jogging along, about five or six feet from the curb; that he could have stopped his team within seven or eight feet; and that he could see "right out on either side" of him. There is testimony that the truck slanted in towards the curb as it went along, and before it struck the deceased; that there was no other truck or wagon near at the time; and that there was no other vehicle coming in the direction that the truck was traveling. The truck did not stop after the accident, and the testimony offered by the defendant is of the entire ignorance of the driver and of his helper. The father and the mother of the child testified that they had told the lad always to stay on the sidewalk and to play there. The tricycle was owned by a playmate.

I think that the question of negligence of the defendant was for the jury. Birkett v. Ice Co., 110 N. Y. 504, 18 N. E. 108; Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415. The question of contributory negligence was also for the jury. The presence of the lad on the sidewalk was not the negligence per se of his parents or of his immediate custodian. Kunz v. City of Troy, 104 N. Y. 344, 10 N. E. 442; Birkett v. Ice Co., supra; Huerzeler v. Railroad

Co., 139 N. Y. 490, 34 N. E. 1101. Nor was personal negligence to be attributed to the child. Zwack v. Railroad Co., 160 N. Y. 363, 54 N. E. 785; Huerzeler v. Railroad Co., supra. The temporary incursion of the child into the roadway was not sufficient to attribute negligence per se to his parents or to his immediate custodian. Weil v. Railroad Co., 119 N. Y. 147, 153, 23 N. E. 487, and cases cited.

The learned counsel for the appellant contends that there is no evidence that the accident was caused by the truck of the defendant. The accident happened about 5:30 p. m. on July 25, 1900, very nearly in front of 35 Montrose avenue, between Lorimer street and Union avenue, borough of Brooklyn. Louisa Beleski, who took the lad up after the accident, testifies that "Honest Long Cut" was on the truck, that she saw the truck continue on its way to the corner of Union avenue, and that Mr. Kirsch and a lad ran after it. Mr. Kirsch testifies that after the child was taken up he followed the truck until he met Freedman, who said, "It is one of the 'Honest Long Cut.'" Mr. Wien testifies that after hearing the outcry he looked out of his window, and saw a wagon with "Honest Long Cut Tobacco" on it, and that he saw Kirsch run after it and turn into Union avenue. Mr. Freedman corroborates Mr. Kirsch. Mr. Weil testifies that on the day of the accident he had seen one Cassidy on Scholes street, delivering goods, and that "Honest Long Cut" was upon the truck. The defendant admitted by his answer that he trucked for the American Tobacco Company, the name which was on his trucks; that on the day of the accident, one Cassidy, then in his employ, on the afternoon of July 25, 1900, was in charge of one of his trucks, engaged in defendant's business, and in course thereof drove through Montrose avenue, Brooklyn, between Lorimer street and Union avenue. Cassidy, the driver, called by the plaintiff, by his testimony reiterated the admission, and testified that he was in Montrose avenue between 5 and 6 o'clock, and on the last occasion he drove towards Union avenue. He testified that he drove a two-horse truck, the body of which was painted black, with yellow letters, which read, "Honest Long Cut," and that it also bore the inscription, "The American Tobacco Company." McCrystal testified that he was on the truck with Cassidy, and that they drove in Montrose avenue, between 5 and 6 o'clock on that day, towards Union avenue, and that before that they had delivered goods in Scholes street. The running over was not denied. As I have said, the plea of the driver and his helper was entire ignorance of any such occurrence. There is, then, direct testimony that a truck bearing the inscription "Honest Long Cut" ran over the child. There was not only the identity of name with that upon the truck of the defendant, but identity of time and identity of place, and the logical inference that may be drawn from the mere identity of name "rises in strength" with circumstances indicating the improbability of there being two such wagons at the same place and at the same time. Whart. Ev. (3d Ed.) § 1273; Lawson, Pres. Ev. rule 63; Daby v. Ericsson, 45 N. Y. 786. There is not the slightest pretense that such was the case. The proof is that there was not any other vehicle of any other kind upon that part of the street when the accident

happened. Clearly, the testimony furnished evidence to warrant the jury in its finding that the lad was run over by the truck of the defendant.

The judgment must be affirmed, with costs. All concur.