### BARDACK v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. STREET RAILROADS—INJURY TO PASSENGER—SUFFICIENCY OF EVIDENCE.
    Evidence in an action against a street railroad company for personal injuries *held* insufficient to warrant submission to the jury of the question whether the car alleged to have caused the injury belonged to defendant.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action for personal injuries by Joseph Bardack against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

George D. Yeomans (H. F. Ives, of counsel), for appellant.
Charles S. Rosenthal, for respondent.

FREEDMAN, P. J. This is one of the ordinary actions for personal injuries, based upon the alleged negligence of the defendant's employés in operating one of its cars. The only point raised by the appellant herein is that the plaintiff failed to show that the car which is alleged caused plaintiff's injuries belonged to the defendant. The complaint alleged that the defendant operates "a line of cars running along Broadway." This allegation does not exclude the operation of more than one line of cars over that street.

This allegation is admitted by the answer. The complaint also contains the further allegation "that the plaintiff was a passenger upon defendant's car running along Broadway." This allegation was denied. It therefore became necessary for the plaintiff to show that the car upon which the plaintiff was riding when he was injured was operated, owned, or controlled by the defendant. In this he failed. But two of his witnesses testified as to the identity of the car. One said he observed the word "Broadway" upon it. The other was not asked in reference to this particular car, but as to cars he had ridden upon, previous to the accident, on the Broadway Line, and said: "I saw 'Brooklyn,' but cannot recollect what I saw there where the number is. I saw 'Brooklyn Railroad Company.'" This was all the testimony given by plaintiff's witnesses regarding the car in question. On the contrary, the defendant proved that upon that portion of Broadway where plaintiff received his injuries the defendant at the time of the accident, and for some time prior thereto, had operated no cars, but that cars upon said portion of Broadway were operated exclusively by the Brooklyn, Queens County & Suburban Railroad Company, a separate and distinct corporation from the defendant. Over the objection of the defendant the trial court submitted to the jury as a question of fact for their decision the question as to whether or not the defendant owned, controlled, or operated the car upon which the plaintiff was riding. As there was no evidence tending to show, or from which a legitimate inference could be drawn, that said car was that of the defendant, such submission was error.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.