GARGANO v. FORTY-SECOND ST., M. & ST. N. AVE. RY. CO.

(Supreme Court, Trial Term, New York County. July, 1905.)

1. STREET RAILROADS—ACTIONS FOR INJURIES—PLEADING—ADMISSIONS.
    Where an answer to a complaint against a street railroad for injuries denies that defendant's car injured plaintiff, an admission of the answer that defendant operated "certain" cars on different thoroughfares, including that where the accident happened, is not an admission that it was defendant's car which caused the injury, and does not excuse plaintiff from showing that the car which injured him was owned, operated, or controlled by defendant.

2. SAME—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.
    One who stands on a street car track, talking, with knowledge that a car is rapidly approaching, and without taking any precaution to avert injury to himself, is guilty of contributory negligence.
    [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 206.]

Action by Angelo Gargano against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. On motion for nonsuit reserved until after verdict, under Code Civ. Proc. § 1187. Complaint dismissed.

Achille J. Oishei, for plaintiff.

Henry A. Robinson (Ambrose F. McCabe and Franklin Kennedy, of counsel), for defendant.

COCHRANE, J. The action is negligence. Plaintiff was injured by an electric street car on Broadway, between Sixty-Third and Sixty-Fourth streets, in the city of New York. No evidence was given tending to show that it was the defendant's car which caused the injury. Plaintiff claims such fact is admitted by the pleadings. The admitted allegation of the complaint is that the defendant operated "certain" cars on different thoroughfares, including that where the accident happened. This allegation does not exclude the operation of cars by other companies at the place where the accident happened. The answer denies that the defendant's car injured the plaintiff. It therefore became necessary for the plaintiff to show that the car which injured him was operated, owned, or controlled by the defendant. Bardack v. Brooklyn Heights Railroad Company (Sup.) 91 N. Y. Supp. 10. As no proof was offered on this point, no case was made out against the defendant. This case differs from Dehmann v. Beck, 61 App. Div. 505, 70 N. Y. Supp. 29, cited by plaintiff. In the last case the truck which caused the injury was positively identified by means of an inscription thereon of the same words which were used by the defendant in his business and on his trucks. No evidence to that effect was offered here.

For another reason this complaint must be dismissed. The plaintiff testified that he saw the car coming at a distance from him of about half a block; that it was coming very fast—faster than he ever saw a car come before. He stood on the track, facing west, talking to some one. The car approached from the south, and struck him on the left shoulder. With knowledge that the car was thus approaching him very rapidly, the plaintiff remained in a place of danger, directly in front of the approaching car, without, as far as his testimony shows, again looking, or taking any precaution to avert the accident. These facts appearing from his own testimony convict him of contributory negligence.

Complaint dismissed.