(61 Misc. Rep. 99.)

### GROTZKY v. ROSARY FLOWER CO.

(Supreme Court, Appellate Term.    November 30, 1908.)

MUNICIPAL CORPORATIONS (§ 706*) — STREETS—CHILD RUN OVER—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE—JURY QUESTIONS.

Under the evidence in an action for injury to a child run over in a street by defendant's delivery wagon, questions of negligence and contributory negligence *held* for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Personal injury action by Abraham Grotzky, by Samuel Grotzky, guardian ad litem, against the Rosary Flower Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Leon Dashew, for appellant.
C. H. & J. A. Young, for respondent.

PER CURIAM. The action is for personal injuries. The complaint was dismissed. Plaintiff appeals. The facts are substantially as follows: At 7:30 p. m. on November 21, 1907, near 73 Allen street, the plaintiff, an infant of 3 years and 10 months, was playing ball with another child on the sidewalk. The ball rolled into the street, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff went to get it.  He was returning, and had almost reached the sidewalk when defendant's wagon ran over him and caused the injuries complained of.  When the horse was about one house, or over 25 feet, away from the spot where the child stood, some one called to defendant's driver to stop.  He failed to pay any attention to this warning, and, although there was sufficient light to enable him to see the child, and notwithstanding he had sufficient time to stop his horse and avoid the accident, he continued his course, and ran over the child. The questions of defendant's negligence and plaintiff's contributory negligence were for the jury, and it was error to dismiss the complaint.  See Dehmann v. Beck, 61 App. Div. 505, 70 N. Y. Supp. 29; Kennedy v. Hills Bros. Co., 54 App. Div. 29, 66 N. Y. Supp. 280.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J. (dissenting).  Granting the propriety of the submission to the jury of the question of the contributory negligence of the plaintiff, there seems to be no evidence of negligence on the part of the driver of the vehicle of the defendant.  That the driver was the distance of one house from the spot where the child of between three and four years of age stood in the street when he was called to stop, and that the street was lighted on that November evening 7:30 of the 21st, may hardly without more be said to be sufficient to go to the jury on the question of the driver's negligence.  The speed at which he was driving or the weight of the vehicle was not shown, or that he heard or could have heard the call to stop, and the accident was not at a crosswalk where he was bound to be vigilant.  The dismissal for lack of evidence would therefore seem to have been proper.