NATHAN REISS, an Infant, by ABRAHAM REISS, His Guardian ad Litem, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, December 5, 1930.

*Samuel Flatow* of counsel [*William E. Riseley* with him on the brief], for the appellant.

*Vine H. Smith* of counsel [*J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

MERRELL, J. The action was brought by the infant plaintiff, by his guardian *ad litem*, to recover damages for personal injuries which he sustained as the result of his hand being run over by a passing truck of the city of New York operated by one of the city's employees. At the time the infant plaintiff sustained his injuries he was five years of age. For a year he had attended school, and on the morning of the day in question, October 2, 1925, plaintiff had been taken to school by his mother and had returned to the apartment house on Delancey street, borough of Manhattan, in which he resided with his parents, at about twelve o'clock noon. Plaintiff and his parents resided on the third floor, rear apartment, of the building, plaintiff's grandfather and grandmother having an apartment on the ground floor. The infant plaintiff, after returning to his home at twelve o'clock noon, first went into his grandparents' apartment and secured a tricycle which they had given him and for a few minutes rode up and down the sidewalk in front of the apartment, as he was sometimes accustomed to do. Tiring of this, he loaned his tricycle to a playmate and seated himself on the sidewalk and curb with his feet in the gutter, and busied himself playing with the dirt or sand in the gutter. As he was doing so, a truck of defendant, drawn by a team of horses, came along and ran over plaintiff's hand, necessitating the amputation of his little finger and otherwise injuring his hand. The day was bright and sunny, and there were no trees or other obstruction in the street to prevent the driver of defendant's truck seeing plaintiff as the truck approached him. Plaintiff testified that he did not see the approaching truck, and that the first he knew was when his hand was run over by the rear right-hand wheel of the truck. At the close of plaintiff's case trial counsel for defendant moved to dismiss the complaint on the ground that plaintiff had failed to make out a cause of action and upon the ground that

it affirmatively appeared that the infant plaintiff was himself guilty of contributory negligence by sitting on the curbstone in the situation where he was at the time the accident happened; that the infant plaintiff was *non sui juris* at the time of the accident, and that the same resulted from the negligence of the infant plaintiff's mother, who had left plaintiff unattended in front of the house where they lived. The justice presiding at Trial Term granted the defendant's motion, and the judgment appealed from was entered thereon.

In our opinion the plaintiff's testimony at the trial, undenied, was sufficient to justify a finding by the jury that the plaintiff sustained his injuries by reason of the carelessness of the driver of defendant's truck, and that it cannot be said, as matter of law, that the infant plaintiff or his mother was guilty of negligence on their part. Upon the evidence the jury might well have found that the driver of the truck, whose view of the infant plaintiff was unobstructed, was negligent in driving his truck near the sidewalk where children were playing and without any warning of the approach of his truck causing the infant plaintiff the injuries for which he complains. It certainly was the duty of the driver of this horse-drawn truck of defendant along Delancey street, where the accident occurred and where children were playing upon the sidewalk, as of necessity they must, to exercise extreme care not to injure said children. The evidence shows that there were no nearby playgrounds where children could play and of necessity children were compelled to play upon the sidewalk in the absence of a better place. The evidence was that this truck was being driven slowly and no reason is apparent why this truck driver should not have seen that the infant plaintiff was in the path of his truck, and have avoided striking him. (*Hammer* v. *Bloomingdale Brothers, Inc.*, 215 App. Div. 308, 312, 314; *Birkett* v. *Knickerbocker Ice Co.*, 110 N. Y. 504.) In the case last cited the Court of Appeals said (at p. 507): " We are also of opinion that there was no error in submitting the question of the negligence of the defendant's driver to the jury. His wagon was heavily loaded and he was driving upon a descending grade. There was, apparently, nothing to distract his attention, and it was his duty to be vigilant to see pedestrians in the street, and particularly at street crossings, so as not to injure them. While we do not think this branch of the plaintiff's case is free from doubt, *we are unable to say that the jury could not properly find that, if the driver had been sufficiently vigilant and careful, he would have seen the child in time to avoid injuring her* (*Murphy* v. *Orr*, 96 N. Y. 14; *Moebus* v. *Herrmann*, 108 id. 349.) " (Italics are the writer's.)

Concededly, the infant plaintiff was *non sui juris*, and as to the contention of the defendant that the mother of the infant plaintiff was guilty of contributory negligence, in our opinion it cannot be said, as matter of law, that the mother was negligent. Plaintiff's mother testified that the plaintiff had been accustomed to play upon the sidewalk and that she never knew of his playing in the street, and that she had instructed him to play on the sidewalk. At the time the boy was due to arrive from school the mother started down to meet him, but he was injured just before she reached the street. In *Birkett* v. *Knickerbocker Ice Co.* (110 N. Y. 504) the Court of Appeals (at p. 507) stated: "It cannot be said that it was, as matter of law, under the circumstances proved, negligence for the parents to permit her to go onto the sidewalk to play; and whether it was or not was a question for the determination of the jury. (*Oldfield* v. *N. Y. & Harlem R. R. Co.*, 14 N. Y. 310; *Ihl* v. *Forty-second Street, etc., R. R. Co.*, 47 id. 317; *McGarry* v. *Loomis*, 63 id. 104.) Hundreds of young children are permitted, with general safety, and must be permitted in cities to amuse themselves upon the sidewalks, and they cannot always be attended by persons of discretion. The highest prudence would doubtless require that they should be so guarded; but it cannot be said, as matter of law, that ordinary prudence forbids that a bright child four and one-half years old, properly instructed and cautioned, should go unattended onto a sidewalk for diversion."

In *Kunz* v. *City of Troy* (104 N. Y. 344) the Court of Appeals held that it is not *per se* negligence on the part of a parent or guardian to permit a child *non sui juris* to play in the street. (See, also, *Bernstein* v. *Empire Bridge Co.*, 146 App. Div. 529.)

We are, therefore, of the opinion that the court erred in granting defendant's motion for a nonsuit. The judgment appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

DOWLING, P. J., MARTIN, O'MALLEY and SHERMAN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.