KATHERINE BYRD, as Administratrix, etc., of JEREMIAH BYRD, Deceased, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, June 5, 1942.

*Leon Shalov*, for the appellant.

*Irving Galt* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler*, *Corporation Counsel*], for the respondent.

GLENNON, J.   This action was instituted to recover damages for the alleged wrongful death of plaintiff's intestate claimed to have been caused by the negligence of the defendant.   In its answer, the City of New York, in addition to a general denial, set forth a separate defense of contributory negligence on the part of the deceased.   At the conclusion of the plaintiff's case and again at the close of the defendant's case after both sides had rested, the court reserved decision on the motion to dismiss the complaint.   During the course of the summation by plaintiff's attorney, the court directed a verdict in favor of the defendant upon the ground pri-

marily, " that the overwhelming weight of the evidence shows that this driver of this truck was not in any way negligent." Exception was duly noted.

It is not disputed that plaintiff's intestate was a boy seven years of age on the 29th day of October, 1938, at the time he met his death on West One Hundred and Third street between Columbus and Amsterdam avenues in the city of New York. The plaintiff called one Hans Karpeles, who at the time of the accident was a driver of a taxicab. He testified in substance that he was driving his cab in a westerly direction on One Hundred and Third street at a rate of speed between thirteen and fifteen miles per hour. He was following a department of sanitation water truck which was spraying the street. There were a number of children playing in the gutter of the street which was quite congested on both sides by parked cars. He noticed plaintiff's intestate, a little boy, sitting on the street side of the running board of one of the parked cars shortly before the accident. When asked to tell the court and jury just what he saw, he replied: " Well, as I was following this here truck I seen this here Department of Sanitation truck gradually approaching to the boy where the boy was sitting on this running board and just as the front part of the truck, the Department of Sanitation truck, had passed him the boy jumped up suddenly, frightened, and was hit by the water with this here truck and the first thing I lost sight of the boy after that for just about a second and I saw the boy rolling head over heels twice, and right after that I saw the boy's head going under the rear wheel and with that I had stopped."

He further testified that the boy immediately before the accident while on the running board was facing away from the truck toward Amsterdam avenue. After the accident he noticed some blood near the front of the truck and also spattered on its side. He claimed that no warning signal was given by the operator of the truck before the accident and that the truck continued along at the same rate of speed and did not slow down even though there were children playing in the street.

Defendant called two witnesses who gave a different version of the facts leading up to the accident. In substance, they said that the boy was running alongside the truck and that he was thrusting a stick which he held in his hand in the direction of one of the sprayers near the rear wheel. While so engaged, the stick caught between his legs, tripped him and he slipped and fell under the rear wheel. The operator of the truck said, in effect, that he had not seen the boy prior to the accident.

We are of the opinion that the case should have been submitted to the jury. *Prima facie*, at least, the plaintiff made out a cause of action. If one were to adopt plaintiff's version of the facts, he might reach the conclusion that the operator of the truck should have given a warning signal to the children at play upon the street. In addition thereto, he should have seen the boy sitting upon the running board in the position in which he was, facing in the opposite direction, and, as a consequence, should have slackened the speed of his truck or even come to a stop, knowing full well that the boy would become frightened from the spraying of the water or the nearness of the truck to him, and that an accident or injury might result. Of course, in saying this, we are not assuming that the version of the facts leading up to the accident as given by the plaintiff's witnesses is correct. It may well be that the truth is with the defendant. Nevertheless, we believe, at least in the first instance, the jury should have been permitted to pass upon the questions of fact. (*Birkett* v. *Knickerbocker Ice Co.*, 110 N. Y. 504; *Costello* v. *Third Avenue Railroad Co.*, 161 id. 317; *Jacobs* v. *Koehler S. G. Co.*, 208 id. 416; *Reiss* v. *City of New York*, 231 App. Div. 42.)

Under the circumstances, we are constrained to hold that the judgment must be reversed, with costs to the appellant, and a new trial granted.

COHN and CALLAHAN, JJ., concur; MARTIN, P. J., and TOWNLEY, J., dissent and vote to affirm.

Judgment reversed, with costs, and a new trial ordered.