WILLIAM A. HOUGHKIRK, as Administrator, etc., Respondent, v. THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Appellant.

Under the statute (Chap. 450, Laws of 1847, as amended by chap. 256, Laws of 1849) authorizing an action to recover damages for death caused by negligence, the pecuniary loss which a party named in the statute is entitled to recover may consist of special damages, i. e., of actual definite loss, and also of prospective general damages.

The special damages being capable of proof and of measurement with approximate accuracy, to entitle plaintiff thereto, evidence must be given not only that the damages were sustained, but also showing their character and amount.

As the prospective damages are incapable of accurate estimate, the amount within the limit fixed by the statute is for the determination of the jury.

Such facts, however, as are naturally capable of proof, and which will give a basis for the judgment of the jury, i. e., the age and sex, the general health and intelligence of the person killed, the situation and condition of the survivors and their relation to the deceased should be proved.

The General Term has power and it is its duty to review the verdict in such an action and to set it aside if it appears excessive, or the result of sympathy and prejudice.

Plaintiff's intestate was run over and killed in attempting to cross the tracks of defendant's road at a place where plaintiff claimed a right of crossing ; there was no flagman present at the scene of the accident. The court submitted it to the jury to determine whether, under the circumstances, due care required the presence of a flagman, and whether for the omission of that precaution defendant was chargeable with negligence. *Held* error.

*Houghkirk* v. *Pres't, etc., D. & H. C. Co.* (28 Hun, 407).

(Argued March 21, 1883; decided April 17, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made December 16, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.   (Reported below, 28 Hun, 407.)

This action was brought to recover damages for alleged negligence in causing the death of Eliza Houghkirk, plaintiff's intestate.

The deceased, at the time of the accident, was riding in a wagon with the plaintiff, her father, who lived on Van Rensselaer island in the Hudson river, which was connected with the main shore by a bridge, built partly by the Albany and Susquehanna Railroad Company, whose road defendant leased and was operating.   The tracks of the road passed at the end of the bridge, and conveyances coming from the island have to cross them to reach the highway.   As the wagon was crossing the tracks it was struck by a passing locomotive and said intestate was killed.

The further material facts are stated in the opinion.

*Henry Smith* for appellant. The General Term was in error in holding that they could not review the question of damages and set aside the verdict as excessive. (26 Alb. Law Jour. 412; *McIntyre,* 37 N. Y. 892; *Peck* v. *Cox,* 63 id. 422; *Downing,* 37 id. 380.) The court improperly refused to charge as requested that there was no duty imposed on the company to look out for Mr. Houghkirk at that crossing that night. (*Sutton,* 66 N. Y. 243.) Negligence of the defendant cannot be predicated upon the omission of the company to do something outside of the operation of its train. (*Webber's Case,* 58 N. Y. 459; *Caton,* 51 id. 544; *Grippen,* 40 id. 34; *Beisiegel,* id. 9.) The court erred in leaving it to the jury to determine whether the defendant should have had a flagman at this crossing. (*Grippen's Case,* 40 N. Y. 40.)

*E. Countryman* for respondent. The plaintiff and the deceased being lawfully on the crossing, the defendant was bound to exercise reasonable care and vigilance not to do them injury while passing at that point. (*Stinson* v. *N. Y. C. R. Co.,* 32 N. Y. 333; *Driscoll* v. *N. & R., etc., Co.,* 37 id. 637; *Cordell* v. *N. Y. C. & H. R. R. R. Co.,* 70 id. 119, 124, 125; *Kay* v. *Penn. R. Co.,* 65 Penn. St. 269, 273, 274; *Corrigan* v. *Union S. R.,* 98 Mass. 577; *Dublin, etc., R. Co.* v. *Slattery,* L. R., 3 App. Cases, 1156; *Delaney* v. *Milwaukee, etc., R. Co.,* 33 Wis. 67; *Delaney* v. *Milwaukee, etc., R. Co.,* id. 70, 71; *Kay* v. *Penn. R. Co.,* 65 Penn. St. 273, 274; *Dublin, etc., R. Co.* v. *Slattery,* L. R., 3 App. Cases, 1156; *Nicholson* v. *Erie R. Co.,* 41 N. Y. 526, 529.) The court properly submitted to the jury upon the question of the defendant's negligence the circumstances of the omission to ring the bell or sound the whistle, and the absence of the flagman from his post; and all of its rulings on these subjects were proper. (*Cordell* v. *N. Y. C. & H. R. R. R. Co.,* 64 N. Y. 535, 538; *Dolan* v. *D. & H. Canal Co.,* 71 id. 285; *Casey* v. *N. Y. C. & H. R. R. R. Co.,* 78 id. 518, 523, 524; *McGovern* v. *N. Y. C. & H. R. R. R. Co.,* 67 id. 417, 423; *Kissinger* v. *N. Y. & H. R. R. Co.,* 56 id. 539,

543; *Ernst* v. *H. R. Co.*, 39 id. 61, 64, 67; *Phil., etc., R. Co.* v. *Killips*, 88 Penn. St. 405, 413 ; *St. Louis, etc., R. Co.* v. *Dunn*, 78 Ill. 197.) The court properly submitted the question of the defendant's negligence to the jury. (*McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 417; *Casey* v. *N. Y. C. & H. R. R. R. Co.*, 78 id. 518 ; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 70 id. 119 ; *Smedis* v. *Brooklyn, etc., R. Co.*, 88 id. 11, 20.) The Court of Appeals has no jurisdiction to reverse a judgment because the damages are excessive. (*Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 594; *Peck* v. *N. Y. C. & H. R. R. R. Co.*, 70 id. 587 ; *Maher* v. *C. P. N. & E. R. Co.*, 67 id. 52 ; *Metcalf* v. *Baker*, 57 id. 662 ; *Campbell* v. *Page*, 50 id. 658; *Clark* v. *Lousie*, 82 id. 580; *People* v. *Lawrence*, 81 id. 644; *Fisher* v. *Gould*, id. 228; *Snebler* v. *Conner*, 78 id. 218; *Verplank* v. *Member*, 74 id. 620; *Hewlett* v. *Wood*, 67 id. 394.) The damages were not excessive. (3 R. S. [6th ed.] 569, § 4; *Cornwall* v. *Mills*, 12 J. & S. 45, 52 ; *Minick* v. *City of Troy*, 19 Hun, 253– 258; *Bierbauer* v. *N. Y. C. & H. R. R. R. Co.*, 15 id. 559, 564; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 13 id. 1; *Coleman* v. *Southwick*, 9 Johns. 45; *Ihl* v. *Forty-second Street R. Co.*, 47 N. Y. 317, 320, 321 ; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 id. 310, 318; *O'Mara* v. *Hudson R. Co.*, 38 id. 445, 450 ; *Prendegast* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 652, 653 ; *Chicago* v. *Hessing*, 83 Ill. 204, 207 ; *Nagel* v. *Mo., etc., R. Co.*, 75 Mo. 653, 666; *Gorham* v. *N. Y. C. & H. R. R. R. Co.*, 23 Hun, 449 ; *Baltimore, etc., R. Co.* v. *State*, 24 Md. 271; *Walters* v. *Chicago, etc., R. Co.*, 41 Iowa, 71, 80; *Quinn* v. *Moore*, 15 N. Y. 432, 436.) The loss of the services of the child during her minority was only one of the elements of damages. (*McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 418, 423, 424; *Drew* v. *Sixth Avenue R. Co.*, 26 id. 49, 52, 53; *Casey* v. *N. Y. C. & H. R. R. R. Co.*, 78 id. 518; 2 R. S. [6th ed.] 808, § 1; Code of Civ. Pro., § 914; *Stone* v. *Burgess*, 47 N. Y. 521; *Turner* v. *Hadden*, 62 Barb. 480.) The measure of damages is the reasonable expectation of pecuniary advantage from the con-

tinuance of the life of the deceased and the probable pecuniary loss occasioned by that expectation being disappointed. (*Dalton* v. *S. E. R. Co.*, 4 Com. Bench [N. S.] [93 Eng. C. Law], 296; *Pym* v. *G. N. R. Co.*, 4 B. & S. [116 Eng. C. Law] 396; *Costello* v. *Landwehr*, 28 Wis. 524; *Eames* v. *Brattleboro*, 54 Vt. 471; *Potter* v. *Chicago, etc., R. Co.*, 21 Wis. 372, 376; *Penn. R. Co.* v. *McCloskey's Adm.*, 23 Penn. St. 526, 528, 531, 532; *Catawissa R. Co.* v. *Armstrong*, 52 id. 282; *Baltimore, etc., R. Co.* v. *State*, 24 Md. 271; *Costello* v. *Landwehr*, 28 Wis. 524.)

FINCH, J. The jury in this case rendered a verdict of $5,000 as their estimate of damages resulting to the next of kin from the death of a little girl killed by a switch engine of the defendant. The evidence showed that she was about six years old; an only child; bright, intelligent, and healthy; and the daughter of a market gardener. This, and the circumstances of her death, constituted the only proof bearing on the question of damages, and which served as a basis for the judgment of the jury in estimating the pecuniary loss suffered by the next of kin. The General Term declined to set aside the verdict as excessive, assigning as a reason in the opinions delivered that the doctrine of this court as to damages in such a case leaves it impossible to say in any instance that they are excessive, and involves an utter surrender of the right of the General Term to order a new trial for that reason. The defendant alleges error in this ruling, and insists that the verdict was wholly unwarranted by the evidence; that there was no proof of facts from which even a plausible conjecture of the amount of damages could be derived; that the verdict indicated partiality or prejudice; and the case should be remitted to the General Term for the consideration which has been withheld. We have quite carefully examined the authorities cited in the opinion below (*Ihl* v. *Forty-second St., etc., R. R. Co.*, 47 N. Y. 317; 7 Am. Rep. 450; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 N. Y. 310; *O'Mara* v. *Hudson R. R. R. Co.*, 38 id. 445; *McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 id. 417);

and nearly or quite all of the other cases bearing on the subject. Most of them recognize the difficulties inherent in suits founded upon the statute, and seek in good faith to make operative the will of the legislature in a new and before unknown class of actions. None of those decisions purport in any manner to narrow the right and discretion of the General Term to set aside verdicts for excessive damages, but on the contrary all are consistent with its survival, and some expressly recognize it. (*Oldfield* v. *N. Y. & Harlem R. R. Co.*, 14 N. Y. 314; *Ihl* v. *Forty-second St., etc., R. R. Co.*, 47 id. 321; 7 Am. Rep. 450.) Undoubtedly there are difficulties in the way of its judicious exercise, but so far as these exist they spring from the inherent nature of the subject, and obedience to the command of the legislature. The statute implies from the death of the person negligently killed damages sustained by the next of kin. (*Quin* v. *Moore*, 15 N. Y. 432.) Recognizing the generally prospective and indefinite character of those damages, and the impossibility of a basis for accurate estimate, it allows a jury to give what they shall deem a just compensation, and limits their judgment to a sum not exceeding $5,000. (*Tilley* v. *Hudson Riv. R. R. Co.*, 29 N. Y. 252.) But within that range the jury is neither omnipotent, nor left wholly to conjecture. They are required to judge, and not merely to guess, and, therefore, such basis for their judgment as the facts naturally capable of proof can give should always be present, and is rarely, if ever, absent. The pecuniary loss in any such case may be composed of very different elements. It may consist of special damages, that is of an actual, definite loss, capable of proof, and of measurement with approximate accuracy; and also of prospective and general damages, incapable of precise and accurate estimate because of the contingencies of the unknown future. An example of such special and actual damages occurred in the case of *Murphy* v. *N. Y. Central, etc., R. R. Co.* (88 N. Y. 446), where we allowed as one element of the total loss the funeral expenses of the deceased. To such an item the doctrine of *Leeds* v. *Met. Gas-light Co.* (90 N. Y. 26) would have a proper application. To prove merely that there were funeral expenses,

and, without evidence of their character or amount, or even that they were usual and ordinary, to permit the jury to guess at their amount as an element of the total loss, would be to substitute conjecture for proof where proof was possible, and a proper basis of judgment attainable. But the value of a human life is a different matter. The damages to the next of kin in that respect are necessarily indefinite, prospective, and contingent. They cannot be proved with even an approach to accuracy, and yet they are to be estimated and awarded, for the statute has so commanded. But even in such case there is and there must be some basis in the proof for the estimate, and that was given here and always has been given. Human lives are not all of the same value to the survivors. The age and sex, the general health and intelligence of the person killed, the situation and condition of the survivors and their relation to the deceased; these elements furnish some basis for judgment. That it is slender and inadequate is true (*Tilley* v. *Hudson Riv. R. R. Co.*, *supra*); but it is all that is possible, and while that should be given (*McIntyre* v. *N. Y. Cent. R. R. Co.*, 37 N. Y. 289), more cannot be required. Upon that basis, and from such proof the jury must judge, and having done so, it is possible, though not entirely easy, for the General Term to review such judgment and set it aside if it appears excessive, or the result of sympathy and prejudice. A difficult duty we grant; but not for that reason to be abandoned. In its intrinsic nature it is no more difficult than to determine whether a verdict is excessive in an action for slander or libel where the injury is to reputation, or in actions where pain and suffering may be considered in ascertaining the loss. The Supreme Court has never abdicated its power of review in such cases and should not in those under the statute. The jury are compelled to judge in an atmosphere freighted with sympathy. In the General Term the deliberation may be more cool and thoughtful, and while the judgment of the trial court should not be lightly disturbed, it should not be held necessarily conclusive. But it is impossible for us to say that such error has been committed in the present case. We cannot go to the

opinions delivered to ascertain, and must assume that the order which denied a new trial for excessive or partial damages, and which was affirmed by the General Term, was made after due and proper consideration, and in the full performance of the duty of review which we have always upheld and have not at all narrowed or infringed.

But we must reverse the judgment rendered for an entirely different reason. The accident occurred, not at a street crossing, but upon the premises of ˙the defendant, at a point opposite a bridge owned by the railroad company whose road defendant leased and operated, leading from Van Rensselaer island, and where it was contended the plaintiff had a right to cross the tracks derived from the payment of toll to the agent of the defendant. There was no flagman present at the scene of the accident, and this circumstance led to an erroneous ruling. The plaintiff requested the court to " leave it to the jury as a question of fact to say whether, under all the circumstances disclosed by the evidence, defendant should have had a flagman at the crossing." The court answered : " I have done so," and the defendant excepted. The court then added : " I said I would not charge as matter of law whether the company was or was not bound to have a flagman there. It was a question for the jury to say under the circumstances ; " and the defendant again excepted. The charge in this respect was substantially the same as that in *Grippen* v. *N. Y. Central* (40 N. Y. 41) for which the judgment was reversed. In both instances the jury were allowed to find that due care required the presence of a flagman, and that the omission to station one at the crossing was negligence on the part of the railroad company. The last thing said to the jury in the present case, the final impression made upon their minds was, that even if the defendant was prudent and careful in the running of its train, and guilty of no negligence in its approach to this crossing, yet the jury might find that due care required the presence of a flagman, and for the omission of that specific precaution the company was chargeable with negligence. The true rule and the proper distinc-

tions were well stated in *McGrath* v. *N. Y. C. & H. R. R. R. Co.* (63 N. Y. 528). It was there said it would be error for a judge to instruct a jury that it is the duty of a railroad company to keep a flagman at a crossing, or "to submit to a jury the question whether it ought to have kept a flagman there." And the reason was carefully pointed out. A railroad company is not bound and owes no duty so to station a flagman, and negligence cannot be predicated of the omission. The fact may be proven as one of the circumstances under which the train was moved, and by which the degree of care requisite in its handling and running may be affected; so that the question never is whether there should have been a flagman, or one ought to have been stationed at the crossing, but whether, in view of his presence or absence, the train was moved with prudence or negligence. The final charge in this case left to the jury whether the company was or was not bound to have a flagman at the crossing, and whether the defendant should have had one there, and so permitted the jury to predicate negligence upon the omission. We have sought in vain to give the language used any other construction. In the body of the charge the question of negligence was very properly presented, and it is quite likely that in the collision of request and answer, at its close, the form and language used was not closely observed; but its purport was very plain, and it is evident that the jury were liable to be misled by it. They must have gone to their deliberations with the final impression upon their minds that they were at liberty to find that the defendant ought to have stationed a flagman at the crossing, and that omission constituted negligence, upon which a verdict could be founded. For this error we think there should be a new trial.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except Danforth, J., not voting.

Judgment reversed.