Clement, C. J.
Patrick Heaney was killed on May 19th, 1886, while attempting to cross the track of the defendant on Atlantic avenue, in the city of Brooklyn.
At Waverly avenue there was an opening in the fence about four feet wide for foot passengers, and the deceased entered such opening on the • southerly side, crossed the southerly track, and stopped on the northerly one where he was struck by the engine, and was dead before the train could be stopped.
There was no gate or flagman at the crossing, and there was testimony to show that neither bell was rung, nor the whistle sounded until the engine struck Heaney, though he was seen from the engine before he stepped on the track. A train had just past on the southerly track, leaving smoke which it is claimed obscured the view of the deceased. The train which ran over Heaney was running at a speed of twenty miles an hour.
The deceased was sixty-seven years of age and a laboring man.
The plaintiff, who was his widow, brought this action under the statute as administratrix, and recovered a verdict at the trial term for $2,600.
A' motion was made for a new trial on the minutes, which motion was denied, and from the order entered thereon and from the judgment this appeal is taken.
We are of opinion that deceased was not guilty of contributory negligence as matter of law. He looked in both directions before attempting to cross the tracks, and it is fair to assume by his action that he did not see the approaching engine.
It is also fair to assume that he did not see the engine_by reason of smoke which obscured his view. The morning was drizzly and the deceased did not know that his view was obstructed.
In this respect, the case differs from the cases referred to by the learned counsel for the appellant.
If the view of the deceased had been obstructed solely by the passing train, then the rule laid down in Donlon v. Long Island Railroad Company (29 Hun, 674), would have been applicable.
In this case the respondent does not claim that the view was obstructed by the passing train, but by the smoke which settled down after the train had passed.
*709 A. person knows that his view is obstructed by a passing train, but he might not know by ordinary observation that smoke lay between him and some other object.
If smoke, a temporary obstruction, did intervene between the deceased and the train, was it his duty to stop until the obstruction passed away?
We should answer the question in the affirmative if he knew that the obstruction existed; but the jury could find from all the circumstances that the deceased did not know that his view was obstructed.
In a damp drizzly morning a prudent, careful man could very easily be misled as to the existence of smoke unless he had watched it thrown off from the locomotive.
It could be fairly argued to the jury that the smoke obscured his vision without his knowledge, and if so, and he looked in the direction of the approaching train before attempting to cross, he was not, as a matter of law, negligent.
We think, also, that it was a question of fact for the jury to determine “whether, under the circumstances of the case, the company exercised reasonable care and prudence in what they did, and whether its neglect caused the injury complained of.” Grippen v. New York Central, 40 N. Y., 34-46.
The case of McGrath v. The New York Central Railroad Company (63 N. Y., 522-527), is directly in point on the question of the negligence of the defendant.
The railroad company were not bound to keep a flagman at the crossing or to have a gate. “ Its sole duty to travellers upon the highway was to run and manage its trains with proper care so as not to injure them in the exercise of their lawful rights.” McGrath Case above cited, p. 529. See also Houghkirk v. President, etc., 92 N. Y., 219-226.
We are also of opinion that the verdict was not contrary to the evidence, and that the damages were not excessive.
Judgment and order denying new trial affirmed, with costs.
Osborne, J., concurs.