### DORMAN *v.* BROADWAY R. CO. OF BROOKLYN.

*(City Court of Brooklyn, General Term.* May 28, 1888.)

1. HORSE AND STREET RAILROAD COMPANIES — ACCIDENTS ON TRACK — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries causing death, the evidence showed that deceased, a boy 10 years old, in attempting to cross defendant's street-car track, fell two feet in front of approaching horses attached to a car, and that the two front car wheels passed over him, causing fatal injuries. The testimony of the driver and that of other witnesses tended to show that the car, if going at a proper speed, might have been stopped so as to avoid accident. *Held*, that the question of the negligence of the driver, and also of the contributory negligence of deceased, were properly submitted to the jury.

2. NEGLIGENCE—MEASURE OF DAMAGES—MENTAL SUFFERING OF PLAINTIFF.

In an action for damages for the death of a child, the court having charged substantially in the language of Code Civil Proc. § 1904, that a recovery could be had for such amount as they deemed to be a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action was brought, a refusal to charge additionally that plaintiff cannot recover for the suffering of the child or for his own mental suffering, and that the jury cannot award damages as punishment to defendant, is reversible error, as such principles do not sufficiently appear in the instruction given.

Appeal from trial term; WILLIAM J. OSBORN, Judge.

Action by James Dorman, administrator of George Dorman, deceased, against the Broadway Railroad Company of Brooklyn, for damages for the death of plaintiff's intestate while crossing the track of the defendant. Judgment for plaintiff, and defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*William M. Ingraham,* for appellant. *James & Thos. H. Troy,* for respondent.

CLEMENT, C. J. We are of opinion that, upon the evidence in the case, the questions as to contributory negligence of the deceased, and as to the negligence of defendant's driver, were properly submitted to the jury, and that the charge of the learned trial judge on both questions was a correct statement of the law. The deceased, a boy of the age of 10 years, attempted to cross Ralph avenue, in this city, in front of an approaching car, operated by the defendant, and the witnesses on both sides agree that he fell while attempting to so cross the street. John Savage, the driver of defendant's car, testified that he saw the boy fall two feet in front of the heads of the horses, and that the car could be stopped in a space of twelve or fourteen feet. He also said that the two front wheels of the car ran over the deceased, and that the distance from the horses' heads to the front wheels was nineteen feet; showing that if he had stopped the car in a space of fourteen feet, as he admitted could be done, the deceased would have been seven feet in front of the forward wheels, and would not have been run over. There was testimony for the plaintiff tending to show that the driver, if attentive to his duties, and if he was driving at a proper rate of speed, could have stopped the car, beyond any question, in time to prevent any injury to the boy. But we think that, on the driver's testimony alone, the plaintiff was entitled to have the question of his negligence passed upon by the jury. The case on the question of negligence is very similar to the case of *Holges* v. *Railroad Co.*, decided at the general term of this court, February 27, 1888. The question of contributory negligence of the deceased was also one of fact. The case of *Mentz* v. *Railroad Co.*, 3 Abb. Dec. 274, is directly in point. Judge HUNT there says: "To fall by accident, by sickness, by the interference of another, by means of a broken rail, or by stumbling, is not a result that a prudent man is bound to anticipate or provide for in crossing a public street. He is not bound to allow for such an occurrence in crossing a street, much less is such a provision required of a lad of eight years." The law applicable to this case is so clearly and con-

·cisely stated in the above quotation that it is unnecessary further to consider the question of contributory negligence.

We are, however, compelled to reverse the judgment, and grant a new trial, ·for error in the refusal to charge the twelfth and eighteenth requests, which were as follows: "*Twelfth Request.* The plaintiff can only recover such pecuniary damages as he may have suffered, or will suffer, by reason of the death ·of the child. He cannot recover for any suffering endured by the child, nor ·can he recover for any mental suffering upon his own part." "*Eighteenth Request.* The jury have no right to give damages as a punishment to the defendant. They can only give such damages as the plaintiff may have suffered ·and shall suffer, and no more." The rule is no doubt, as stated in the brief ·of counsel for the respondent, that, where the judge has in the charge stated the true rule upon any branch of the case, he may decline any request to charge further upon the subject. The difficulty in the present case is that the judge ·simply stated in his charge that the administrator was entitled to recover such ·amount of damages under the statute as they deemed to be a fair and just compensation for the pecuniary injuries resulting from the decedent's death ·to the person or persons for whose benefit the action was brought, which is :substantially the language of section 1904 of the Code. We think that the ·defendant had a legal right to have the jury instructed that damages could not be given for the suffering of the child, or for mental suffering on the part ·of the father. The expression "pecuniary injuries" is general, and without ·explanation the jury may have thought that mental suffering was included. We think that the court should have also charged, when requested, that the ·case was not one for punitive damages, in view of the fact that in the charge the meaning of the section of the Code had not been explained to the jury. The case of *Houghkirk* v. *President*, 92 N. Y. 219, lays down the proper method of ascertaining the damages in an action for a death. The judgment ·and order denying a new trial must be reversed, and a new trial granted, ·costs to abide the event.

VAN WYCK, J., concurs.