FRANK SLAATS JR., a minor, by his next friend, v. THE
CHICAGO GREAT WESTERN RAILWAY COMPANY,
Appellant.

**Special Verdict:** CONSTRUCTION: *Railroads.* In an action tor injuries received at a railroad crossing, the court withdrew from the jury, for lack of evidence, the charge of speed in excess of six miles an hour, as fixed by ordinance, the claims that the bell was not ringing and that there was no one on the rear of the train which wasbeing pushed, to give warning, and left the jury to, determine whether, under all the circumstances, the speed was dangerous, whether proper signals were given, and whether it was negligence not to have a flagman at the crossing. In answer to the question, what negligence "caused or contributed to the accident?" the jury replied, "Should have a flagman." *Held*, that as the jury may have considered the rate of speed and failure to give signals in determining whether failure to have a flagman contributed to the injury, the recovery for plaintiff could not be said to be based alone on the fact that there was no flagman.

**Striking part of Testimony:** HARMLESS ERROR. Where, to a question, "In what tone of voice did you speak to him?" a witness, who had testified that he had "hollered" to plaintiff approaching a crossing to warn him of danger, replied, "O, I hollered pretty loud, so that anybody could hear it," the striking out of the last six words of the answer was not prejudicial, the fact remaining that he had "hollered pretty loud."

*Same.* To prove that plaintiff, injured at a railroad crossing, could have seen the approaching train, a witness, who was on the nearest box car of the train, testified that he saw plaintiff's driver, who appeared to be looking at him; that the driver and wagon were in plain view, "and he certainly could have seen the tops of the cars." *Held*, that the striking out of the words quoted was not prejudicial.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-
NEL, Judge.

TUESDAY, JANUARY 16, 1900.

PLAINTIFF, Fred Slaats, Jr., a minor, brings this
action, by his next friend, to recover damages for personal

injuries sustained by him by reason, as is alleged, of certain
acts of negligence on the part of the defendant's employes,
and without fault or negligence on his part.   The defendant
answered. denying that it was negligent as charged, and
alleging negligence on the part of the plaintiff.   Verdict and
judgment was rendered  in favor of the plaintiff for six hun-
dred and fifty dollars.   Defendant appeals.—*Affirmed.*

   *D. W. Lawler, D. E. Lyon,* and *D. J. Lenehan* for
appellant.

   *N. E. Utt* and *A. Matthews* for appellee.

   GIVEN, J.—I.   On the thirtieth day of June, 1896,
in the daytime, the plaintiff was riding in a two-horse
wagon, being driven at the time by one Kowalski, by his per-
mission, on Rhomberg avenue, in the city of Dubuque.   At
a point where the defendant's track crosses said avenue the
wagon was struck by a train consisting of two cars being
pushed by an engine along the track, and plaintiff was
injured, to his damage.   The plaintiff charged that the
defendant was negligent in running said train at a dangerous
rate of speed; in running it at a greater speed than six
miles per hour, in violation of an ordinance of said city;
in failing to give proper signals of its approach; in failing
to have a person on the rear of said car to give warning of
their approach to said crossing; and in failing to have a
flagman at said crossing.   The court withdrew from the
jury the charges of speed in excess of six miles an hour as
fixed by ordinance, the claim that the bell was not ringing,
and that there was no one on the rear of the car to give
warning, on the ground that there was not sufficient evidence
to sustain said charges, and as to the other charges of
negligence instructed as follows:   "It is left for you
to determine, on the question of negligence of defend-
ant, whether, under all the facts and circumstances
surrounding the accident at the time it occurred, the speed

of the train was high and dangerous or not, whether it went over the crossing without giving proper signals of approach, and whether, under all the facts and circumstances attending the accident, it was or was not negligence in the defendant not to have had a flagman at the crossing." The jury returned four special findings to the effect that neither the plaintiff nor Kowalski was guilty of negligence. It also found specially as follows: "What negligence of defendant, if any, as charged in the petition, do you find, from the evidence, caused or contributed to the accident? Answer. Should have a flagman."

II. Appellant claims that the case was submitted, and the verdict returned, solely upon the charge that the defendant was negligent in not having a flagman at said crossing, and then proceeds to argue that the fact alone that defendant did not have a flagman at the crossing is not of itself negligence, and that a recovery cannot be based thereon. The claim made is not well founded. The instructions left it to the jury to determine whether defendant was negligent in the rate of speed, in failing to give signals, "and whether, under all the facts and circumstances attending the accident, it was or was not negligence in the defendant not to have had a flagman at the crossing." It does not follow that, because the court withdrew the charge that the speed exceeded six miles per hour, in violation of the ordinance, the speed was not dangerous. Whether a speed of less than six miles was dangerous and negligent depends upon the attending circumstances, and it was left to the jury to determine whether the speed was negligent. That the claim that the bell was not rung was withdrawn did not withdraw the charge that proper signals were not given. There were other means of signaling the approach of the cars, and it was left to the jury to determine whether there was negligence in this respect. It does not follow, from the special finding quoted above, that the jury based its verdict solely upon the absence of a flagman, inde-

pendently of the evidence as to speed and signals. They
found that the absence of the flagman "caused or contributed
to the accident," and they might well so find because of the
evidence as to speed and signals and the other surrounding
circumstances.　Appellant cites *McGrath v. Railroad Co.,*
63 N. Y. 528; *Houghkirk v. President,* etc., 92 N. Y. 226;
*Tierney v. Railway Co.,* 84 Iowa, 647.　In the latter case
the trial court "instructed the jury to determine whether
ordinary care required, under all the circumstances of the
case, that the defendant should have had a flagman at the
crossing, or should have had some one upon the cars; and
whether, under all the circumstances, the defendant exer-
cised ordinary care and prudence in running said cars in the
manner in which it did."　"The appellant contended that
there is no statute or ordinance requiring a flagman or
gates; it is not of itself negligence to omit to maintain one;
and that in such case a jury is not the proper tribunal to
determine whether a flagman or gates should be main-
tained."　This court said:　"It is conceded, and such is
the uniform holding, that evidence of the presence or absence
of a flagman or gate is proper to be considered by the jury
upon the question of the defendant's prudence or negligence
in moving cars at the particular time and place in question.
The instruction is in harmony with this rule."　This hold-
ing is directly applicable to this case, and supports our con-
clusion that the contention under consideration is not well
founded.

　　III.　Appellant cited many authorities to the effect
that the burden is on the plaintiff to show care on his part
and on the part of Kowalski, to whom he had intrusted the
driving of his team, and as to the degree of care that they
were required to exercise; and discusses the evidence at
length to show that they were guilty of negligence contribut-
ing to the plaintiff's injuries.　The law on these subjects is
familiar, undisputed, and was properly given to the jury,
and it is unnecessary that we refer to the authorities cited.

Upon the facts there is certainly room for discussion as to whether plaintiff and Kowalski exercised the care required of them in going upon the crossing when and as they did. It will serve no good purpose to here set out or discuss this evidence. It is sufficient to say that, after a careful reading thereof, we are led to the conclusion that the finding of the jury on the issues as to defendant's negligence and as to contributory negligence has such support in the evidence that, under the familiar rule in such cases, we are not warranted in disturbing the verdict for want of evidence.

IV. Appellant complains of two rulings on evidence. A witness, having testified that he "hollered" to the driver, "Hold on; you can't make that crossing!" was asked, "What tone of voice did you speak to him?" to which he answered, "Oh, I hollered pretty loud, so that anybody could hear it." On motion, the court struck out the last six words of the answer, and of this appellant complains. These words might well have been permitted to remain, as they were but another way of indicating the tone of voice in which the witness had called to the driver; yet the ruling was without prejudice, as the fact remained that he "hollered pretty loud." A witness testified that he was on the first box car approaching the crossing, that he saw the driver, and that he appeared to be looking at the witness. Witness was then asked. "Well, state whether the train was in plain view of that man in the wagon," to which he answered, "Well, he was in plain view,—him and the wagon. I could see them plain,—the whole wagon and him; and he certainly could have seen the tops of the cars." On motion, the court struck out the last eleven words of the answer. This ruling was without prejudice, for surely, if the witness could see from the top of the car, the whole of the wagon and driver in plain view, the top of the car must have been in view of the driver. What we have said fully disposes of all the questions urged in argu-

ment, and leads us to the conclusion that the judgment of the district court should be AFFIRMED.

GRANGER, C. J., not sitting.