(42 Misc. Rep. 579.)

### HOFFMAN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Trial Term, Monroe County.    February, 1904.)

1. WRONGFUL DEATH—EXCESSIVE DAMAGES.

In an action for the death of the driver of a brewery wagon, aged 38, earning $720 per year, where he leaves a wife 34 years old and three children under 15, a verdict of $18,000 is excessive, and should be reduced to $12,000.

Action by Katie Hoffman against the New York Central & Hudson River Railroad Company.    Judgment for plaintiff.    Motion for new trial.    Granted on conditions.

Werner & Harris, for plaintiff.
Harris & Harris, for defendant.

RICH, J.    The defendant asks for a new trial on various grounds, none of which will now be considered save the ground that the verdict is excessive.    Plaintiff's intestate was a man 38 years of age, in good health, without education, so far as appears, but was employed as a driver of a brewery wagon, and earning about $720 a year.    He left a family consisting of a wife 34 years old, and three children, aged 14, 12, and 8 years, respectively.    By the Northampton Tables, the annuity to a person of his age would be worth 12.116 years' purchase.    Since the repeal of the limitation of the amount to be recovered in an action for death, the courts have exercised with considerable freedom the power which they have of reducing the amount of damages awarded by the jury.    At best these damages must be more or less speculative, but the statute is intended to give damages for pecuniary loss, not for charity, nor for any sentimental reasons.    It is the duty of the courts to see to it, therefore, that the verdict bears some proper relations to the circumstances of the case.    The death of a man earning $5,000 or $10,000 a year must necessarily entail a much larger pecuniary loss to his family than one who earns less than $1,000 a year.    Houghkirk v. D. & H. C. Co., 92 N. Y. 225, 44 Am. Rep. 370.    The courts have some guide as to what is a reasonable and proper verdict by cases of a similar nature which have been heretofore passed on by the courts.    Judged by that standard, and in view of the circumstances of intestate's earnings and position in life, it must be said that the verdict of $18,000 in this case is excessive.    Plaintiff's counsel concedes that plaintiff "has unquestionably recovered a large and unusual verdict."    I think $12,000 would, under the circumstances, be amply compensatory.    My conclusion therefore is that a new trial be granted, unless plaintiff give a stipulation within 30 days to reduce the amount of the verdict to $12,000.    If such stipulation is given, the motion is denied.

Ordered accordingly.