(163 App. Div. 45)

## BARDELLI v. PITTSBURG CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department.  June 26, 1914.)

1. MASTER AND SERVANT (§ 204*).—INJURY TO SERVANT—ASSUMPTION OF RISK.
   Under Labor Law (Consol. Laws, c. 31) § 200, making an employer liable for injuries to an employé caused by any defect in the condition of the ways, works, or machinery used in the business which had been discovered, an employé does not assume the risk where the danger was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

discoverable, and was actually known to the employer prior to injuries to the employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*]

2. APPEAL AND ERROR (§ 1046*)—PERSONAL INJURIES—ASSESSMENT OF DAMAGES.

It is reversible error to exhibit to the jury a crippled child of plaintiff, suing for a personal injury negligently inflicted by defendant; and where in consequence thereof excessive damages are awarded, the court will reduce the damages or grant a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128–4131, 4134; Dec. Dig. § 1046.*]

Appeal from Trial Term, Westchester County.

Action by Regina Bardelli, as administratrix of Luigi Bardelli, deceased, against the Pittsburg Contracting Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Conditionally modified and affirmed.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON, and PUTNAM, JJ.

John Ambrose Goodwin, of White Plains (Charles J. Katzenstein, of New York City, on the brief), for appellant.

Thomas J. O'Neill, of New York City, for respondent.

PER CURIAM. The testimony amply shows that the defendant, through its superintendent, knew of the unsafe conditions from this rock overhanging the tunnel for several days, and imperiling the men having to pass under it. It is not merely a presumption arising from the fact that this rock remained unsupported while it was being loosened as the blasts continued, but because of actual warnings and notifications by the men who worked there, confirmed by the city engineer.

[1] The matter of contributory negligence was submitted to the jury. The testimony raised an issue whether scaling was any part of plaintiff's duty. Against this verdict we cannot hold that plaintiff was negligent in going on with the work. Neither did he assume the risk, where the danger had been discoverable and was actually made known to the employer prior to such injuries. Labor Law, § 200.

[2] The exhibition of the crippled child to the jury is assigned as reversible error. The diversity in decisions admitting testimony as to family circumstances is pointed out in Sedgwick on Damages (9th Ed.) § 580. Lockwood v. N. Y., Lake Erie & Western R. R. Co., 98 N. Y. 523, makes it competent to have the number and ages of dependent children stated, and probably their conditions, including physical defects. But to keep before the jury the crippled body of a seven year old child is different. A witness could without difficulty describe the helpless state of such a defective child. If it was ground to reverse because a jury had shown to it a picture of a deceased wife (Smith v. Lehigh Valley R. R. Co., 177 N. Y. 379, 69 N. E. 729), the exhibition of this afflicted boy, mute, helpless, and deformed, which the jury were allowed to keep in view, was bound to move their feelings, or at least surround them with "an atmosphere freighted with sympathy"

(Houghkirk v. President, etc., D. & H. C. Co., 92 N. Y. 219, 225, 44 Am. Rep. 370. See, also, Schwanzer v. Brooklyn Heights R. R. Co., 18 App. Div. 205, 45 N. Y. Supp. 889; Harrison v. N. Y. C. & H. R. R. R. Co., 195 N. Y. 86, 87 N. E. 802).

Considering this influence, which is reflected in the verdict, the recovery of $16,000 should be reduced. The earnings of $4.50 a day are not shown to be continuous. Other testimony as to heading foremen show occasional lay-offs and other interruptions in their employment. A fair and just compensation should not exceed $12,000. Hoffman v. N. Y. C. & H. R. R. R. Co., 42 Misc. Rep. 579, 87 N. Y. Supp. 617; Stevens v. Union Railway Co., 75 App. Div. 602, 78 N. Y. Supp. 624; Conrad v. N. Y. C. & H. R. R. R. Co., 137 App. Div. 372, 121 N. Y. Supp. 774.

The judgment and order should be reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulate to reduce the recovery to $12,000, with interest from March 6, 1913, in which event the judgment, as so modified, and order, are affirmed, without costs.