[*L. A. No. 3815. Department One.—October 19, 1917.*]

## MARTIN WIEZOREK, Respondent, v. RALPH FERRIS, Appellant.

NEGLIGENCE — ACTION FOR DEATH OF CHILD — AUTOMOBILE ACCIDENT— EVIDENCE SUSTAINING VERDICT.—In an action for the death of a child through being struck by an automobile, on a city street, where there was evidence that the defendant and another driver were racing at a rate of speed dangerous and exceeding that permitted by the city ordinance, although the testimony regarding the accident contained many contradictions, it was sufficient to support a verdict for the plaintiff.

ID.—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—ISSUE INTRODUCED BY DEFENDANT ON THE TRIAL.—Although the defendant's answer specifically denied negligence on his part and pleaded as an affirmative defense that the accident on which an action for the death of the plaintiff's child was founded was caused exclusively by the negligence of the child, the defendant, who, on the trial, introduced evidence to show negligence on the part of the deceased boy and also asked for a number of instructions, which were given, on the law of contributory negligence, tried the case thereby upon the theory that contributory negligence was in issue and therefore he could not afterward complain on appeal that the pleadings raised no issue of contributory negligence and that, therefore, the court erred in instructing the jury that "the defendant's claim of contributory negligence on the part of the deceased child presupposes the existence of negligence on the part of defendant."

ID.—CROSSING STREETS—DUTY OF PEDESTRIANS AND DRIVERS OF AUTOMOBILES.—Pedestrians crossing a street have a right to assume that drivers of automobiles will keep a reasonable lookout and exercise ordinary care to avoid accidents, and pedestrians are also bound generally to look after their own safety and use due care when crossing a highway where vehicles are to be looked for.

ID.—DAMAGES EXCESSIVE.—A verdict of ten thousand dollars for the death of a child is excessive, and the judgment should be reversed where the evidence at the most shows that the deceased was a healthy child, six and a half years of age, loving and dutiful toward his parents, and there was no averment or proof of special damage nor anything to show that the pecuniary value of the child to his parents would have been any greater than that of the ordinary boy of his age; and even conceding that the child would have been of help to his parents after minority, which is only conjectural, the verdict is still excessive.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Paul W. Schenck, Joseph Citron, and Richard Kittrelle, for Appellant.

Morton, Hollzer & Morton, for Respondent.

LAWLOR, J.—Plaintiff brought this action under section 376 of the Code of Civil Procedure to recover damages for the death of Mieczyslaw Wiezorek, his only child, a boy of six and a half years of age, who was run down and killed

by defendant's automobile. The judgment entered upon the verdict was for ten thousand dollars. A witness, who had been driving an automobile ahead of appellant's on the occasion of the accident, saw deceased, as he started to cross Ninth Street, in the city of Los Angeles, pause in front of a truck standing alongside of the curb to let the witness drive by. Immediately afterward the truck commenced to move and deceased was seen to run forward into the street, where he was struck by appellant's automobile, which, as several witnesses testified, was traveling at a high rate of speed close behind that of the first machine.

The defense was in part based upon the theory that the damage to plaintiff was the result of an unavoidable accident. Much of the evidence of the defense was to this effect. Appellant himself testified that he was traveling "at not more than fifteen miles an hour" at the time of the collision, and that when "the little boy came running from in front of the truck . . . there wasn't a possible chance to get away from striking him." But the evidence tending to establish defendant's negligence is sufficiently convincing to support the verdict. It shows that appellant was actually traveling very fast; that as he neared the truck he swerved to the left to pass it by; that thereupon seeing the boy in a position of danger he suddenly made some effort to dodge him; but notwithstanding the immediate application of the brakes dragged him about thirty-six feet beyond the point of collision. Indeed, there is testimony that defendant and the driver of the automobile which had first passed the boy were racing along Ninth Street at about thirty-five miles an hour, concededly a dangerous and excessive rate of speed. As is admitted by the pleadings, the maximum speed permitted by the city ordinance was only twenty miles per hour.

Witnesses for defendant testified that deceased was a boy of a reckless and venturesome disposition, who was allowed to play ball and jackstones on the streets and to climb on the back of passing wagons. That his parents were very poor people who worked by the day, the father as a cabinet-maker and the mother as a laundress, and that the child was left in the charge of a Mrs. Anna Whypyhowski, one of their neighbors, who was ordinarily not very diligent in looking after her charge, is quite clear. But it does not appear that the accident was proximately caused by any neglect of Mrs.

Whypyhowski, or by the negligence or carelessness of the deceased child, at the particular time of the collision. The evidence, as submitted, is sufficient to support the verdict of the jury that on that occasion he was exercising such reasonable care for his own safety as a child of his age and capacity under similar circumstances would ordinarily exercise. He was not then playing on the street, but, having just completed an errand for Mrs. Whypyhowski, was crossing the street to join some of his boy friends at play in a vacant lot. As in most instances where certain witnesses of the transaction attempt to describe it, the testimony regarding the accident contains many contradictions, but as the evidence substantially supports the verdict, we cannot disturb it on that ground.

Although appellant had introduced evidence to show negligence on the part of the deceased boy and had asked for a number of instructions upon the law of contributory negligence, which were given, he now contends that the court erred in instructing that "the defendant's claim of contributory negligence on the part of the deceased child presupposes the existence of negligence on the part of defendant. . . . " It is first claimed that the instruction had no proper place in the case for the reason that the pleadings raise no issue of contributory negligence. True, the answer, after specifically denying the allegations of the complaint concerning defendant's alleged negligence, limits the affirmative defense to the plea that the accident was caused exclusively by the negligence of the boy. This position, however, was abandoned by appellant, and the case tried upon the theory that contributory negligence was in issue. He cannot now be heard to complain that the court gave instructions on an issue which he had introduced into the trial, and upon which he invoked instructions. Under the issues as presented, therefore, the jury was entitled to find not only that the proximate cause of the death of deceased was either the defendant's negligence or the negligence of the deceased child, but also the joint or coexisting negligence of both himself and defendant. That *contributory* negligence must as matter of law be predicated upon the existence of negligence on the part of defendant is freely conceded. In fact, an instruction containing identically the same language has received the approval of this court. (*Linforth* v. *San Francisco Gas &*

*Elec. Co.,* 156 Cal. 58, 66, [19 Ann. Cas. 1230, 103 Pac. 320].)
But appellant argues, in the light of the dissenting opinion
in *Mulholland* v. *Western Gas Constructing Co.,* 21 Cal. App.
44, [131 Pac. 110, 113], that such an instruction in effect
informed the jury that he had directly admitted his own
negligence, and that therefore the single remaining issue, not-
withstanding he had interposed other defenses, was the ques-
tion of deceased's contributory negligence. Regarding the
instruction as simply pertaining to the issue of contributory
negligence, we find no objection to it. And that the jury
must so have understood its import and purpose seems clear
from a study of the instructions as a whole.

There is no merit to the point that the jury was erro-
neously instructed upon the rule of preponderance of
evidence.

The law is well settled that a pedestrian crossing a street
has a right to assume, until the contrary reasonably appears,
that drivers of automobiles will keep a reasonable lookout
ahead and exercise ordinary care to avoid causing him in-
jury. The pedestrian likewise is bound generally to look
after his own safety, and in that behalf a duty is imposed
upon him, when crossing a highway where vehicles are to be
looked for, to use due care and caution to see that he is not
in danger. (*Scott* v. *San Bernardino Valley etc. Co.,* 152
Cal. 604, [93 Pac. 677].) We find this general rule is fully
covered by the instructions, and the criticism made in that
behalf by appellant is without merit.

The main ground urged for reversal is that the verdict is
excessive. Our attention is called to the fact that the evi-
dence at the most merely shows that the deceased was a
healthy child, both physically and mentally, and of a loving
and dutiful disposition toward his parents. No evidence was
introduced regarding the cost of his care, maintenance, and
schooling, his probable future earnings and the pecuniary
advantage which the parents might have enjoyed had be been
spared to them. But where, as here, the child is of tender
years, such proof is in its nature impossible, and therefore
not required. It was said in *Houghkirk* v. *President etc.
Delaware & H. Canal Co.,* 92 N. Y. 219, [44 Am. Rep. 370],
an action for the death of a six year old girl wherein the
maximum sum fixed by statute was recovered: "The evidence
showed that she was about six years old; an only child;

bright, intelligent, and healthy, and the daughter of a market gardener. This, and the circumstances of her death, constituted the only proof bearing on the question of damages, and which served as a basis for the judgment of the jury in estimating the pecuniary loss suffered by the next of kin. . . . The age and sex, the general health and intelligence of the person killed, the situation and condition of the survivors and their relation to the deceased,—these elements furnish some basis for judgment. That it is slender and inadequate is true; but it is all that is possible, and while that should be given, more cannot be required." (See, also, *Whitmer* v. *El Paso & S. W. Co.,* 201 Fed. 193, 198, [119 C. C. A. 637]; *Little Rock etc. Ry. Co.* v. *Barker,* 39 Ark. 491, 511; *City of Chicago* v. *Hesing,* 83 Ill. 204, [25 Am. Rep. 378]; *Atchison, T. & S. F. Ry. Co.* v. *Fajardo,* 74 Kan. 314, [6 L. R. A. (N. S.) 681, 86 Pac 301]; *Gorham* v. *New York C. & H. R. R. Co.,* 23 Hun (N. Y.), 449.) The jury, upon being instructed that "such damages may be given as under all the circumstances of the case,—may be just" (Code Civ. Proc., sec. 377), were duly cautioned that the verdict "must be limited to such amount, if any, . . . as plaintiff has suffered financially by reason of the death of his child." Other instructions explained that among the circumstances to be considered was the loss, if any, of the comfort, society, and protection of the deceased child. (*Bond* v. *United Railroads,* 159 Cal. 277, [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366]; *Bergen* v. *Tulare County Power Co.,* 173 Cal. 709, 719, [161 Pac. 269]. See, also, *Miller* v. *Southern Pacific Co.,* 266 Mo. 19, [178 S. W. 885, 891].)

In every case of this character the soundness of the verdict must be determined by its own peculiar facts and circumstances. It is true, also, as said in *Bond* v. *United Railroads, supra,* that "Our power over excessive damages exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest at first blush passion, prejudice, or corruption on the part of the jury (citing cases). Practically, the trial court must bear the whole responsibility in every case." But if "the amount of the damages is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate discretion of the jury" (*Morgan* v. *Southern Pac. Co.,* 95 Cal. 510, [29 Am. St. Rep. 143, 17

L. R. A. 71, 30 Pac. 603]), the verdict must be held excessive. We are of the opinion that the award of ten thousand dollars in this case is excessive. There was no averment or proof of special damage, nor anything to show that the pecuniary value of the child to his parents would have been any greater than that of the ordinary boy of his age. For a number of years to come he would have been a source of expense to them; his pecuniary value to his parents after that could by no permissible rule of compensation have equaled the award made by the jury. Even conceding that the child would have been of help to his parents after minority, which is only conjectural, the verdict is still excessive.

For this reason the judgment must be reversed. So ordered.

Shaw, J., and Sloss, J., concurred.