[Civ. No. 3119.   First Appellate District, Division One.—December 6, 1919.]

JOHN OWENS et al., Respondents, v. W. J. BURT MOTOR CAR CO., Appellant.

[1] NEGLIGENCE—USE OF STREETS—DUTIES OF PEDESTRIANS AND AUTOMOBILE DRIVERS.—A pedestrian crossing a street has a right to assume, until the contrary reasonably appears, that drivers of automobiles will keep a reasonable lookout ahead and exercise ordinary care to avoid causing him injury; and, likewise, such pedestrian is bound generally to look after his own safety, and in that behalf a duty is imposed upon him, when crossing a highway where vehicles are to be looked for, to use due care and caution to see that he is not in danger.

[2] JURY AND JURORS—COLLECTIVE EXAMINATION OF JURORS BY JUDGE—WHEN NOT ERROR.—The trial court does not commit error by examining the jurors collectively respecting their general qualifications, in order to expedite the trial, where on re-examination by counsel much liberality is permitted, both as to the matters covered in the examination by the court and all other matters bearing on the qualifications of the several jurors.

---

1. Reciprocal duty of operator of automobile and pedestrian to use care, notes, 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Bell for Appellant.

E. B. Drake for Respondents.

KERRIGAN, J.—This is an action for damages for personal injuries suffered by plaintiff Sarah J. Owens, and for damages for the loss of her services by the plaintiff John Owens, her husband, as the result of the former being struck by an automobile driven by an employee of the defendant. In the opinion we shall refer to Sarah J. Owens as the plaintiff.

The collision occurred on the evening of December 12, 1916, at about 6 o'clock, when plaintiff was crossing Slauson Avenue at a point a little east of Central Avenue, within the incorporated limits of the city of Los Angeles. She had proceeded to within a few feet of the southerly side of Slauson Avenue when the defendant's car struck her, causing the injuries complained of. According to the evidence introduced by plaintiff, it was dark at the time of the accident, the lights on defendant's car were very dim, no warning signal of any kind was given by its driver, and the car was being operated, as variously estimated by the witnesses, at fifteen, twenty-five, or thirty miles an hour, and there was considerable traffic at the point where the collision occurred. The plaintiff herself testified—being in this respect corroborated by other witnesses—that she was looking both ways as she crossed the avenue, and these witnesses testified that they did not see the automobile until just as it struck the plaintiff. We think the evidence ample to sustain the verdict of the jury. [1] "The law is well settled that a pedestrian crossing a street has a right to assume, until the contrary reasonably appears, that drivers of automobiles will keep a reasonable lookout ahead and exercise ordinary care to avoid causing him injury. The pedestrian, likewise, is bound generally to look after his own safety, and in that behalf a duty is imposed upon him, when crossing a highway where vehicles are to be looked for, to use due care and

caution to see that he is not in danger. . . . " (*Wiezorek v. Ferris*, 176 Cal. 353, [167 Pac. 234].)

[2] After a statement of the case had been made, the court proceeded to examine the jurors collectively respecting their qualifications; whether or not they knew anything about the accident; whether or not they had read or heard of it in any way; whether or not they knew any of the parties to the action or their attorneys; whether or not any member of the jury, or any member of his family, had ever been injured by a moving automobile; whether or not any of them knew of any reason why he could not sit as a juror in the trial of the case free from bias or prejudice and do absolute justice between the parties. This method of examining the jurors was adopted to expedite the trial; and while obviously it was the intention of the court that neither counsel should re-examine the jurors concerning matters touching their qualifications already covered by the questions of the court, much liberality was permitted, both as to those and all other matters bearing on the qualifications of the several jurors; and it is not contended by the appellant that such examination was unduly restricted. Under these circumstances it cannot be seriously urged that, by the adoption of this method of examination, the court committed error.

There is no merit in the two points made by the defendant as to the rulings of the court on the admission of evidence, nor in the claim that the court was guilty of misconduct in its brief comment denying defendant's motion for nonsuit.

We have examined the alleged errors in the giving and refusing of instructions to the jury, and find no occasion for discussing them separately. The instructions as a whole gave to the jury a full and fair statement of the law pertaining to each and every phase of the case.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.