The judgment of conviction should be reversed and a new trial granted.

All concur.

Judgment of conviction reversed on the law and new trial granted.

———————

EDWIN A. GILLILAND, as Administrator, etc., of EARL B. GILLILAND, Deceased, Respondent, *v.* THE DELAWARE AND HUDSON COMPANY, Appellant, Impleaded with HENRY RUEHE, Defendant.

Third Department, January 9, 1924.

Railroads — action to recover for death of plaintiff's intestate who was killed in collision at railroad crossing — error to submit failure of railroad company to maintain flagman, gate or automatic bell at crossing as ground of negligence — trial — instructions — exception to charge sufficient.

It is error in an action to recover for the death of a person who was killed in a collision at a railroad crossing, to submit to the jury as one of the grounds of negligence by the defendant on which the jury might predicate its finding of negligence, that the defendant failed to maintain a flagman, gate or automatic bell at the crossing where the accident occurred.

The failure to maintain a flagman, gate or automatic bell at a crossing cannot be considered a ground of negligence on the part of the railroad in the absence of a statute requiring the maintenance of such protection.

The function of an exception to the charge of the court is to warn the court of an error to the end that it may be corrected, and in this case that part of the charge submitting to the jury as a ground of negligence that the defendant did not maintain a flagman, gate or automatic bell at the crossing, was properly excepted to by a statement made by defendant's counsel, in answer to a question by the court, that counsel did not think the proof was sufficient to permit the court to submit that question to the jury.

APPEAL by the defendant, The Delaware and Hudson Company, from a judgment of the Supreme Court in favor of the plaintiff, and against said defendant, entered in the office of the clerk of the county of Albany on the 2d day of June, 1923, upon the verdict of a jury for $15,000, and also from an order entered in said clerk's office on the 5th day of June, 1923, denying said defendant's motion for a new trial made upon the minutes.

*Lewis E. Carr,* for the appellant.

*Woollard & Cogan* [*William E. Woollard* and *Louis J. Rezzemini* of counsel], for the respondent.

COCHRANE, P. J.:

The plaintiff's decedent was killed in a collision between an automobile in which he was riding and a train of the defendant. The collision occurred about 3,000 feet north of the defendant's station at Cambridge, Washington county, where a State highway crosses at grade the track of the defendant. The direction of the railroad at the place of the accident is practically north and south and of the highway east and west bearing slightly to the south as it approaches the railroad from the west. The automobile was approaching from the west and the train from the south. For a distance of about 500 feet west of the crossing a traveler on the highway had a practically unobstructed view of a train approaching from the south for a distance of about 2,000 feet. There were at the time of the accident growing crops of oats and corn west of the railroad. The corn obscured the track but did not obscure a train proceeding thereon. No flagman, gate or automatic bell was maintained at this crossing. The failure of the defendant to maintain a flagman, gate or automatic bell at the crossing was submitted to the jury as one of the grounds of negligence by the defendant on which the jury was permitted to predicate its finding of negligence. This was error. (*Houghkirk* v. *President, etc., D. & H. C. Co.,* 92 N. Y. 219; *Weber* v. *N. Y. C. & H. R. R. R. Co.,* 58 id. 451; *McGovern* v. *N. Y. C. & H. R. R. R. Co.,* 67 id. 417, 423; *Kissenger* v. *N. Y. & Harlem R. R. Co.,* 56 id. 538.) In the *Weber Case* (*supra*) it was said: " The duty of posting flagmen, or having servants and agents, or placing gates or other obstructions, or of giving special or personal notice to travelers at railway crossings, can only be imposed by the Legislature. Courts and juries cannot, whatever may be thought by them of the convenience or necessity of such or other like precautions, at particular crossings, hold the company to provide them under the penalty of being charged with negligence for the omission." It was proper to prove the absence of a flagman, gate or automatic bell as showing the conditions existing at the time of the accident but not to make such absence the basis of negligence. The defendant specifically excepted to such portion of the charge of the court. The plaintiff contends that the exception was insufficient but the language thereof leaves no doubt that the attention of the court was called to the fact that it was error to submit to the jury as a question of negligence whether " a flagman, or gates or automatic bells or

devices should have been maintained at that particular crossing." That was sufficiently specific and definite to apprise the court of the point the defendant was raising. In answer to a question by the court, defendant's counsel further said: " I don't think the proof is sufficient to permit your Honor to submit that as a question to the jury." There was nothing misleading in this statement. The function of an exception is to warn the court of an error to the end that it may be corrected. Counsel had with sufficient clearness told the court that negligence could not be based on the failure of the defendant to maintain a flagman, gate or automatic bell. This was certainly the extent of the duty of counsel in taking the exception.

For the error indicated the judgment and order should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.