### BERNSTEIN v. EMPIRE BRIDGE CO.

(Supreme Court, Appellate Division, Second Department. October 6, 1911.)

WITNESSES (§ 380*)—INCONSISTENT STATEMENTS—IMPEACHMENT OF ONE'S OWN WITNESS.

It was proper to reject a statement, signed by defendant's own witness before the trial, and offered by defendant to impeach his testimony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1214; Dec. Dig. § 380.*]

Jenks, P. J., and Burr, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Sadie Bernstein, by Abraham Bernstein, her guardian ad litem, against the Empire Bridge Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Frank V. Johnson, for appellant.

William H. Griffin, for respondent.

HIRSCHBERG, J. The plaintiff's recovery is for serious injuries inflicted upon her by the alleged negligence of the defendant in the daytime in June, 1907, in one of the public streets of the borough of Brooklyn. She was sitting on the curbstone, with her feet in the gutter, at the time; an older sister in charge of her being near by. A heavy truck of the defendant was being driven through the street at the time at considerable speed and in a very carelesss manner, and, coming in contact with one of the plaintiff's feet, injured it so severely as to require its amputation. There was evidence that the driver was not looking in the direction in which he was driving at the time of the accident, but that he was looking across the street to the opposite side from that on which the plaintiff was sitting, and that the lines of the horses were loose and not in his hands. The vehicle did not stop after the accident, but continued its course.

The questions relating to the defendant's negligence and to the contributory negligence of the plaintiff, or of those in charge of her, were properly submitted to the jury and require no discussion. The appellant, however, urges that it was error on the part of the learned trial court to reject a signed statement, which it had procured before the trial from one of its own witnesses, and which it desired to use for the purpose of impeaching the testimony of such witness in its behalf. Some authorities are cited in foreign jurisdictions in support of the appellant's contention, but it finds no support in this state. See, to the contrary, Becker v. Koch, 104 N. Y. 394, 10 N. E. 701, 58 Am. Rep. 515, Fall Brook Coal Co. v. Hewson, 158 N. Y. 150, 152, 52 N. E. 1095, 43 L. R. A. 676, 70 Am. St. Rep. 466, and Koester v. Rochester Candy Works, 194 N. Y. 92, 197, 87 N. E. 77, 19 L. R. A. (N. S.) 783. The judgment and order must be affirmed.

Judgment and order affirmed, with costs.

THOMAS and CARR, JJ., concur. JENKS, P. J., and BURR, J., dissent.