ZADOCK WOLFF and Others, Respondents, *v.* JACOB COHEN and Others, Appellants.

Supreme Court, Appellate Term, First Department, June 15, 1925.

Sales — action for damages for failure of defendant to accept goods sold under oral contract at designated price and refused for untimely delivery — reception of evidence as to range of market prices tending to contradict unfavorable testimony of witness for plaintiff violates rule against impeachment of witnesses — evidence not competent to prove market price.

In an action for damages for defendant's failure to accept goods sold under an oral contract at a designated price and refused for untimely delivery, evidence as to the range of market prices, elicited from third parties, and tending to contradict the prior unfavorable statements of plaintiff's own witness, violates the rule against the impeachment of witnesses, where the form of the question put to said witnesses is such as to indicate that what is sought is not proof of an independent fact material to the issues but evidence merely to contradict the previous witness. Moreover, said testimony is not competent to prove the market price.

APPEAL by defendants from a judgment of the City Court of the City of New York in favor of plaintiffs, entered upon the verdict of a jury.

*Moos & Gonnet* [*Claude L. Gonnet* of counsel], for the appellants.

*Strasbourger & Schallek* [*Max L. Schallek* of counsel], for the respondents.

BIJUR, J.:

This action was brought to recover damages for defendants' failure to accept goods sold to them under an oral contract of sale at three dollars and ninety-seven and one-half cents a yard. The agreement was made on March 15, 1923. Plaintiffs' contention

was that the date of delivery was April or May. Defendants claimed that deliveries were limited to not later than April fifteenth. Defendants canceled the order in writing on April twenty-sixth because of failure of delivery.

It is clear from the course of the trial, and particularly from the charge, to which no exception was taken, that the parties undertook to prove the range of prices in the latter part of April and the first half of May for the twofold purpose, first, of establishing the measure of damage, if any, but equally in order to permit the jury to infer from the probabilities suggested by motive whether the cancellation was in good faith because of failure to deliver within time, or whether that was a mere excuse advanced by defendants, inspired by a significant fall of price in the latter part of April. Plaintiffs called a witness who testified that prices had not declined to any great extent in the latter part of April, but that the drop took place about the middle of May. Thereupon plaintiffs' counsel undertook to explain that he was surprised by the testimony of the witness and asked him whether he had not told counsel that he had sold merchandise at the end of April, to which the witness responded that it was the middle of May. I assume that this question, and a few like it, were permissible under the exception to the doctrine against impeaching the credibility of one's own witness on the theory that it was designed to refresh his recollection. Later plaintiffs' counsel asked one of plaintiffs whether he remembered the last witness' bringing him an offer for goods of the same character at the end of April, and over strenuous objection of defendants' counsel, clearly expressed as being because the evidence tended to improperly impeach the credibility of the previous witness, plaintiff was permitted to testify that that witness had come to him with an offer of two dollars and fifty cents in the latter part of April. Testimony of third parties as to previous contradictory statements of one's own witness are still regarded as violative of the rule against impeachment. (*People* v. *De Martini*, 213 N. Y. 203, 213; *Bernstein* v. *Empire Bridge Co.*, 146 App. Div. 529; affd., 205 N. Y. 603. See, also, article by Alex. Holtzoff, Esq., of the New York Bar, N. Y. L. J., Dec. 17 and 18, 1924, vol. 72, pp. 1054, 1070.)

Plaintiffs, respondents, now undertake to justify this evidence on the plea that it was intended merely to prove a fact namely, the market price, and that, on familiar principles, they were entitled to prove this by the evidence of other witnesses, notwithstanding the unfavorable testimony of the first witness. The contention, however, is unsound, first, because the form of the question in itself was such as to indicate that what was sought was not proof

of an independent fact material to the issues, but evidence merely to contradict the previous witness; and in the next place, the testimony was not competent to prove market price. (See *Koester* v. *Rochester Candy Works*, 194 N. Y. 92, 98.)

In view of the importance of the range of prices as bearing upon the central fact of the trial as it was conducted, namely, the date originally fixed for delivery, the judgment must be reversed and a new trial ordered, with costs to appellants to abide the event.

All concur; present, BIJUR, MULLAN and PROSKAUER, JJ.